## BUTTS and another *against* FRANCIS:

### IN ERROR.

Where two or more persons are sued on a joint contract, service must be made, if not by personal summons, by leaving an attested copy with each of the defendants, or at the place of his usual abode; and it makes no difference, in this respect, whether they reside in the same house, or live separately.

In such action, the defendants may jointly plead in abatement a defect of service as to one only.

An officer's return, though *prima facie* evidence of the facts stated in it, is not conclusive.

This was an action against *Johnson Butts* and *Loren Butts,* on a promissory note, given by them jointly.

The officer's return of service stated, that he attached certain chattels as the property of the defendants, and their interest in certain pieces of land ; and " left a true and attested copy of the writ at the usual place of abode of *Johnson Butts*, and a like copy at the usual place of abode of *Loren Butts*, and a like copy at the office of the town-clerk in *Canterbury*." The defendants pleaded in abatement, that the writ and process had been no otherwise served on them, or either of them, than by the officer's attaching the estate specified in his return, and by leaving one true and attested copy, and only one, at the last usual place of abode of the defendants ; and at the time of such service, the defendant *Loren Butts* dwelt and resided in *Canterbury*, at the house where the copy was so left in service, which house was, also, at that time, the last place of residence of the defendant *Johnson Butts* in this state, who, at the time of such service, was, and, for several months prior thereto had been, absent out of this state. The plaintiff replied, that the officer did serve said writ, by leaving two copies, true and attested, in manner and form as stated in the return on the same, one for each of the defendants ; on which issue was joined ; and the jury returned a verdict for the defendants. The plaintiff then moved in arrest of judgment, on the ground that the facts pleaded in abatement, and the issue joined thereon, were immaterial. This motion prevailed ; and the defendants were ordered to answer over. Final judgment being rendered for the plaintiff, the defendants brought the present writ of error.

*Goddard* and *Frost*, for the plaintiffs in error, contended, 1. That the action being brought against both the original defendants, a copy ought to have been left in service with each. As the service of civil process is a creature of, and exclusively regulated by, statute, the requirements of the statute must be strictly complied with.

2. That the action being brought on a joint contract, both the defendants were interested in defeating it, and might, therefore, join in the plea of abatement. The writ could not abate as to one, and proceed as to the other.

3. That the officer's return was only *prima facie* evidence of the facts stated in it.

*Judson*, for the defendant in error, contended, 1. That the service was sufficient. Where two defendants in a suit

HARVARD LAW LIBRARY

*Windham,*
*July,*
*1822.*

*Butts*
*v.*
*Francis.*

against them jointly, reside in the same house, there can be no use in leaving two copies. In such case, one copy gives all the notice to both, that two could give.

2. That the plea was bad; because both the defendants joined in it, for a defect of service as to one only. 1 *Swift's Dig.* 411. *Kipple* & al. v. *Coleman,* 1 *Root* 407. *Hallam* & al. v. *Mumford,* 1 *Root* 58.

3. That the return of the officer is *conclusive.* *Stayton* v. *Chester,* 4 *Mass. Rep.* 478. *Eastbrook* v. *Hapgood,* exr. 10 *Mass. Rep.* 313.

HOSMER, Ch. J. In an action on joint contract, service must be made on all the persons named in the writ, or it is abateable. If there are two defendants, an attested copy, when the notice is not by a personal summons, must be left with each of them, or at the place or places of their usual abode.

They may jointly plead a defect of service in abatement; because it is a defence, in which they have a joint interest. The cases of joint trespassers and of a prosecution *qui tam* for an assault, rest on a different principle. It is at the option of the plaintiff to institute his suit jointly or severally; and if one is not legally notified, the other has no cause of complaint. The case of *Hallam* & al. v *Mumford,* 1 *Root* 58., in which it was adjudged, that one defendant cannot take advantage of the other's minority, to avoid a note, proceeded on the principle, that the person within age, has a right to waive his privilege of infancy; which is entirely incompatible with a supposed right in the co-promiser, to insist upon it, by *separate* plea of abatement.

With respect to the sheriff's return, it was *prima facie* evidence of the facts contained in it, but not conclusive; and it only increased the weight of testimony, requisite to support the defendant's plea.

The other Judges were of the same opinion.

Judgment reversed.