PERKINS *against* PERKINS :

IN ERROR.

If a statute be not, in its terms, explicitly retrospective, the court will not, by construction, give it a retrospective operation.

Therefore, where a statute provided, that "whenever any action *shall be brought* to recover a penalty," &c. if on the trial of such action the title to land shall be in dispute, and a record thereof be made, an appeal shall be allowed in such action ; it was held, that no right of appeal was acquired, by virtue of such statute, in an action *commenced* a few days *before* it became a law, although such action was in other respects within the statute, and the trial and motion to appeal took place afterwards.

If in an appealed cause, it appear on the face of the record, that the court had not jurisdiction, the cause not being appealable, the appearance of a party and his proceeding to trial on the merits, will not preclude him from taking advantage of such want of jurisdiction, on a motion in arrest of judgment ; but the court will dismiss the suit, at any time, and in any stage of the proceedings.

The commencement of an action is at the service of the writ ; and of this the officer's return alone, if uncontradicted, is sufficient evidence.

Public statutes, in the absence of any provision expressly fixing a different time, take effect from the rising of the General Assembly ; of which the court will take judicial notice.

THIS was an action of debt, brought by *Francis A. Perkins,* treasurer of the city of *Norwich,* prosecuting for the use and benefit of said city, against *Joseph Perkins,* to recover of the defendant, the penalties incurred by the breach of certain by-laws of the city.    The writ was dated the 27th of *May* 1828, was served on the 28th, and was made returnable, and return-

ed, to the city court of the city of *Norwich*, held on the second *Monday* of *June* 1828.

The declaration contained two counts for distinct offences. In the first, the defendant was charged with having erected, on the 1st of *February* 1828, in and upon a public street and highway in said city, leading from the new banking-house of the *Thames Bank* to the market, a certain wooden building, one story high, covering one rod of said street or highway, which the defendant continued and suffered to remain there, for more than two months, in contravention of a by-law of the city, by which it was, among other things, ordained, that if any person, without permission in writing from the court of common council, shall erect, continue or suffer to remain in or upon any public street or highway, &c. any building of any kind, or any thing which shall be an encroachment or incumbrance, in or upon any such street, highway, &c. the same shall be a common nuisance ; and the person so offending shall forfeit and pay, for the use of said city, the sum of 30 dollars, and the further sum of 30 dollars, for every thirty days thereafter, every such nuisance shall be continued. In the second count the defendant was charged with a violation of another section of the same by-law, by which it was, among other things, ordained, that if any person shall lay, place, continue or suffer to remain any stone or stones in or upon any street or highway in said city, the same shall be deemed a common nuisance, and the person so offending shall forfeit and pay, for the use of said city, the sum of 15 dollars, for every twenty-four hours any such nuisance is continued or suffered to remain.

The defendant pleaded *nil debet ;* and on this issue the cause was tried in the city court, in *August,* 1828, when the plaintiff obtained a verdict on both counts, with 30 dollars damages on the first, and 15 dollars on the second. On motion of the defendant, the court caused a record to be made, that the title of the land on which the alleged nuisances were placed, was in question on the trial ; and the defendant thereupon appealed the cause to the superior court. In the superior court, the plaintiff moved to erase the cause from the docket, on the ground that it was not appealable. This motion was overruled ; and the cause was tried before that court, *January* term, 1829, when the jury found the issue on the first count for the defendant, and for the plaintiff on the second, with 15 dollars damages. The plaintiff then moved in arrest of judgment,

*New-London,*
*July, 1829.*

Perkins
*v.*
Perkins.

on the ground that the superior court had not jurisdiction of the cause, and the same was not appealable from the city court; alleging, that by the charter of said city, it is provided, that in actions brought to the city court of said city, to recover the forfeitures and penalties incurred, by a violation of the by-laws of said city, no appeal shall be allowed; that this action was brought to said city court to recover the penalties incurred, by the defendant's violation of the by-laws of said citiy; that the General Assembly of this state, which commenced its session at *New-Haven,* on the first *Wednesday* of *May,* 1828, continued its session until the 4th day of *June,* 1828; and that the statute law of this state, entitled "An act in addition to and alteration of an act, entitled an act to prevent and remove nuisances in highways, rivers and water-courses," passed at said session, did not become a law until said 4th day of *June,* which was after the date and service of the plaintiff's writ, and after the commencement of this suit. This motion being demurred to,(a) the court adjudged it sufficient; and judgment was arrested accordingly. The record, on motion of the defendant, was then transmitted to this Court, for revision in error.

*H. Strong* and *Hungerford,* for the plaintiff in error, contended, That the superior court had jurisdiction of the cause, and judgment ought not to have been arrested. In support of this proposition, they insisted, 1. That the cause was appealable, by virtue of the act of the General Assembly passed in *May* session, 1828,(b) expressly authorizing the appeal of an

(a) The copy of record, from which this statement of the case is made, and which came into the reporter's hands from a member of the court, does not show any answer in writing, by the defendant, to the plaintiff's motion in arrest; but the record of the judgment, after stating the verdict, proceeds thus: "And thereupon the plaintiff made his motion to arrest the judgment of this court upon said verdict, and to set said verdict aside, as on file; and *the parties being fully heard* on said motion, this court is of opinion, that the same and the matters therein contained are *sufficient in the law;* and thereupon judgment is arrested, and said verdict of the jury is set aside." It is on the authority of this record, that the reporter has stated, that *the motion was demurred to.* At any rate, the facts must either have been conceded by the defendant, or found by the court.    R.

(b) This act is as follows: "*Be it enacted,* &c. That whenever any action shall be brought to recover a penalty for the erection or continuance of any nuisance upon any public highway, imposed by the act, to which this is an addition, or by the by-laws of any city or borough, if on the trial of such

action like the present. And here it is not necessary to agitate the question as to the validity of retroactive laws. The act in question is undoubtedly prospective, and is to operate on any case of appeal within its purview, when it may happen. This cause was tried in the city court and appealed, in *August* 1828, more than two months after the act was passed and published. Admit, for the present, that the action was commenced before the passing of the act, the plaintiff had acquired thereby no *vested right* of having the ulterior proceedings in the suit regulated by the then existing laws. What relates to the *remedy* merely, may be changed, at the pleasure of the legislature ; and a person's having commenced an action under the old law, does not deliver it from the future operation of the new law. When this action was commenced, it could be tried only in the city court ; but the city court could not try *the title of land ;* and yet it was apparent, that this was in reality the only matter in controversy between the parties. The legislature then thought proper to remedy the evil in this and all similar cases, (as much for the benefit of the plaintiff as of the defendant,) by providing that an appeal should be allowed to the superior court, as in other cases, any law to the contrary notwithstanding.

2. That it does not appear from the record before the court, that this suit was commenced before the act in question became a law. All that appears as to the commencement of the suit, is the officer's return of service. This is merely *evidence*— and that *prima facie* only—of the matter stated in such return. There is no finding of the fact, or admission of it in

action, the defendant shall justify himself, by reason of his title to the land upon, or adjoining to which, such nuisance is claimed to exist, and such title shall be in dispute, it shall be the duty of the court, before which such action is pending, on application of either party, to cause a record to be made that the title of land was in question in such action, and thereupon, if such action shall be pending before a justice of the peace, an appeal shall be allowed to the county court, or if before an alderman, to the city court, or if before a city or county court, to the superior court, as in other cases, any law to the contrary notwithstanding.

EBENEZER YOUNG,
Speaker of the House of Representatives.
JOHN S. PETERS,
President of the Senate.

June 4th, 1828—Approved.

GIDEON TOMLINSON."

*New-London,* pleading ; nor is there any evidence of it possessing the veri-
*July, 1829.* ty of a record.

*Perkins*    3. That as the plaintiff appeared in the superior court after
*v.*
*Perkins.*   the appeal, and proceeded in the cause to a trial on the merits,
he thereby submitted to the jurisdiction of the court, and wai-
ved all exceptions to it. *Co. Litt.* 303. *a.* 1 *Chitt. Plead.* 426.
& seq. *Longueville* v. *Thistleworth,* 2 *Ld. Raym.* 969. *Jen-
nings* v. *Hankyn, Carth.* 11. *Barrington* v. *Venables,* Sir
*T. Raym.* 34. *Com. Dig. tit.* Abatement. J. 16. 21. 2 *Lill.
Prac. Reg.* 121. *Denslow* v. *Moore,* 2 *Day* 12. *Sanford* v.
*Sanford,* 5 *Day* 353. 358. *Fletcher* v. *Wells,* 6 *Taun.* 191.

*Goddard* and *Child,* for the defendant in error, contended, 1.
That the record, without the motion in arrest, shews when the
suit was commenced ; the officer's return being part of the
record. It is at least *prima facie* evidence of the facts stated
in it ; (*Butts* v. *Francis,* 4 *Conn. Rep.* 424.) and this is as
good evidence as any other, until it is contradicted.

2. That the act in question furnishes evidence on the face
of it, that it became a law on the 4th of *June* 1828, a week
after the commencement of the suit. But if it does not, the
court is bound to take judicial notice of the time of the rising
of the General Assembly, which is the time when public stat-
utes take effect. *Stat.* 258. *tit.* 43. *s.* 5. *Birt* q. t. v. *Rothwell,*
1 *Ld. Raym.* 343. 1 *Chitt. Plead.* 219. and cases cited *ibidem.*

3. That this act cannot affect a suit commenced before, and
pending at the time, the act was passed. In the first place,
such a suit is not embraced by the terms of the act. The
words are—" whenever any action *shall be* brought," &c. ;
and all the subsequent clauses refer to " such action." Sec-
ondly, if the act be not exclusively prospective in its terms,
still the court will not give it a retrospective effect by construc-
tion. *Wilkinson* v. *Meyer,* 2 *Ld. Raym.* 1350. *Gillmore* v.
*Shooter's* exr. 2 *Mod.* 310. *Couch* q. t. v. *Jeffries,* 4 *Burr.* 2460.
*Dash* v. *Van Kleeck,* 7 *Johns. Rep.* 477. *Ogden* admr. v.
*Blackledge,* 2 *Cranch* 272. *Goshen* v. *Stonington,* 4 *Conn.
Rep.* 225.

4. That where it appears from the face of the proceedings,
that the court had not jurisdiction, the submission of a party
will not give the court jurisdiction. *Martin* v. *Commonwealth
& al.* 1 *Mass. Rep.* 347. *Lawrence* v. *Smith & al.* 5 *Mass.
Rep.* 362. *Lockwood* v. *Knapp,* 4 *Conn. Rep.* 257. Further,

in this case, the plaintiff did not voluntarily submit to the ju- risdiction of the court, but as soon as the cause was entered in the superior court, moved to erase it from the docket, on the ground that it was not appealable. This motion being overruled, he could do no otherwise than proceed to trial.

HOSMER, Ch. J. Whether the suit in question was appealable, is the sole enquiry. If it was not, the superior court had no jurisdiction of the cause ; and the judgment was legally arrested.

If the determination of the court below is to be tested by the charter of the city of *Norwich* alone, there arises no possible question. The provision is express, that in actions brought by the city treasurer for the recovery of a penalty arising under a by-law of the city, no appeal shall be allowed. *Stat.* 120. The defendant, however, claims a right of appeal, by virtue of the act of the General Assembly, passed in *May* 1828 ; and this right must be conceded, if the law is operative in this case. For, by this act, appeals are allowed to be made to the superior court in actions brought to recover penalties for the breach of a city by-law, if, as in this case, the title of the defendant's land is in question.

The act alluded to, on the fairest principles of construction, authorizes appeals in cases *posterior* to the time of its legal commencement, and in no other. The expression of it is future and prospective. " Whenever an action *shall be brought* to recover a penalty," is its phraseology. Had the legislature intended it, it were easy and natural for them to have said, *in all actions for penalties,* appeals shall be allowed ; and the only assignable reason why they did not, is most obvious ; they had no such intention. They made, and intended to make provision for the future only, and permitted the past to remain under the dominion of the former law.

A construction of the act that should cause it to retrospect, has been contended for, notwithstanding the expression of it is merely prospective and in relation to the future. But by this Court, in *The Thames Manufacturing Company* v. *Lathrop &* al. (ante, *p.* 550.) it was explicitly decided, that an act of the General Assembly ought not to have a retrospective operation, unless so declared in the most unequivocal manner. Such is the general strain of judicial decisions on this subject. 2 *Inst.* 292. 6 *Bac. Abr.* 370. (*Gwil.* ed.) *Helmore* v. *Shuter &* al.

New-London, 2 *Show.* 17. S. C. by the name of *Gillmore* v. Executors of
July, 1829. *Shooter,* 2 *Mod.* 310. S. C. 1 *Vent.* 330. *Couch,* q. t. v. *Jef-*

Perkins *fries,* 4 *Burr.* 2460. 1 *Bla. Comm.* 44. *Wilkinson* v. *Meyer,*
v.
Perkins. 2 *Ld. Raym.* 1350. *Ogden,* admr. v. *Blackledge,* 2 *Cranch,*
272 . *Dash* v. *Van Kleeck,* 7 *Johns. Rep.* 477. Hence, it said,
by Sir *William Blackstone,* that all laws are to commence *in
futuro,* and operate prospectively ; (1 *Bla. Comm.* 46.) and to
this rule we have subjoined this exception ; *unless they are
clearly expressed to be of retroactive effect.*

Assuming, then, the act of *May* session, 1828, to be a pros-
pective regulation merely, it remains to enquire, when was the
plaintiff's action brought, and at what time did the law com-
mence.

On the 28th of *May* 1828, the plaintiff instituted his action, by
the service of his writ. *Spalding* v. *Butts* & al. 6 *Conn. Rep.*
28. This is the date of the officer's return ; and the return is
*prima facie* evidence of the facts certified. *Butts* & al. v.
*Francis,* 4 *Conn. Rep.* 424. *Booth* v. *Booth,* 7 *Conn. Rep.* 350.

The act in question of *May* session 1828, was signed and ap-
proved by the governor, on the 4th day of the succeeding *June;*
and could not have had an earlier commencement than this.
By the constitution of the state (*art.* 4. *sect.* 12.) every bill,
which shall have passed both houses of the General Assembly,
must be presented to the governor, and if he approves, he is to
sign it and transmit it to the secretary. Then, and not before,
it becomes a law. On the 4th of *June,* 1828, the act was
signed and approved.

On a principle of common law, the court judicially know
the time when the legislature terminated its session. The com-
mencement and close of the General Assembly, and other facts
of the same public and general nature, are of judicial cogni-
zance. 1 *Chitt. Plead.* 219. *Birt.* q. t. v. *Rothwell,* 1 *Ld.
Raym.* 210. 343. *Eliz. Shipden's* case v. Dr. *Redman,* 1 *Lev.*
296. *The Bishop of Norwich's* case, *Moore* 551. *Bac. Abr.
tit.* Statute. L 5. And at least, it is an indisputable fact, that
the session of *May* 1828, did not terminate before the 4th day
of *June* before mentioned.(*b*)

(*b*) From the imperfection of the copy of record furnished me, I am unable
to determine, whether *all the facts* stated in the plaintiff's motion in arrest
were *found to be true;* a fact, which I believe exists ; and that would have
saved the trouble of the preceding discussion. [Note by the Chief Justice.]
See note by reporter, ante, *p.* 560.

It is a statute provision, that all public acts of the General Assembly take effect from its rising, unless it is otherwise provided. *Stat.* 258 *tit.* 43. *s.* 5.

From the premises it necessarily results, that the General Assembly terminated its session on the 4th of *June* 1828, and that the plaintiff's action was commenced six days before ; that is, the 28th day of *May.* The act in question, then, is inapplicable to this case, and it is affected by the charter of the city alone, which inhibits an appeal.

It was suggested in the argument, that the want of jurisdiction cannot now be taken advantage of, on the ground that the parties, by proceeding to trial on the merits, have submitted to the jurisdiction. Undoubtedly, it is true, that where the court has a general jurisdiction over any subject, until the want of it is demonstrated by extrinsic facts, they must be duly pleaded. But where the jurisdiction of a court is limited, (a legal truth in respect of all our courts) and the want of jurisdiction appears from the face of the record, the court not only *may*, but *ought*, to dismiss the suit, at any time, and in any stage of it. The court, who are to decide according to law, are not concluded by the admission of the parties. *Bac. Abr. tit.* Abatement. K. *Lockwood* v. *Knapp*, 4 *Conn. Rep.* 258. *Martin* v. *Commonwealth* & al. 1 *Mass. Rep.* 347. *Lawrence* v. *Smith* & al. 5 *Mass. Rep.* 362.

I am of opinion, that the superior court had not jurisdiction of the plaintiff's action, and that the arrest of judgment was correct.

PETERS, J. Several subordinate questions have been discussed in this case, which it is not necessary to decide or consider, as a decision of the principal one is final. Was this cause appealable, or within the jurisdiction of the superior court ? If it was not, our labour is in vain ; for a judgment *coram non judice* is a nullity.

By the charter of this city, which is a public law, in force when this action was commenced, the city court had cognizance of all causes (wherein the title of land was not concerned) cognizable by the county court, provided the cause of action arose, and one or both of the parties lived, within the city. And in actions brought to the city court for penalties under the by-laws, no appeal was allowed. *Stat.* 112. 120. *tit.* 15. *c.* 1. *s.* 8. 20. The defendant, however, claims, that

the act of the legislature, approved *June* 4, 1828, has enabled him to plead title, and made this cause appealable, and of course, cognizable by the superior court. But this act was passed after the commencement of this suit ; and it is in terms *prospective.* The words are : " Whenever any action *shall be brought* to recover a penalty for the erection or continuance of any nuisance upon any public highway &c. and the defendant shall justify," &c. *Stat. vol.* 2. *p.* 196, 7. This certainly could not relate to actions *already* brought and *then* pending. And such has been the construction of a similar expression in the statute of frauds, 29 *Car.* 2. *c.* 3. which enacts, " that from and after the 24th of *June,* 1677, no action shall be brought to charge any person on any agreement made in consideration of marriage, unless such agreement be in writing." It was said by the court, that it could not be presumed, that the act had a retrospect to take away an action, to which the plaintiff was then entitled. *Gillmore* v. *Shooter's* exr. 2 *Mod.* 310. So that we may safely leave the question whether the judiciary may declare a retrospective law, operating on vested rights, void, where the Chief Justice has left it in *Goshen* v. *Stonington,* 4 *Conn. Rep.* 225., and adopt the opinion of Mr. Justice *Thompson* in *Dash* v. *Van Kleeck,* 7 *Johns. Rep.* 477. 493. & seq. that a law ought not to have a retrospective operation, unless so declared, in the most unequivocal manner. A similar opinion was expressed, by this Court, in *Goshen* v. *Stonington,* 4 *Conn. Rep.* 222, 3. " A statute is not to be construed as having a retrospect. Such a construction ought never to be given, unless the expression of the law imperiously requires it."

I dissented from the opinion of the Court in the case last cited ; but not on this point. I then thought and still think, that a retrospective statute (it is not a law) affecting vested rights, is utterly void ; and that the judiciary not only *may,* but *must,* declare it so. So thought Ch. J. *Kent,* in *Dash* v. *Van Kleeck.* The marginal summary is : " It is a principle of universal jurisprudence, that laws, civil or criminal, must be *prospective,* and cannot have a retroactive effect." So thought Mr. Justice *Story,* in *The Society for the propagation of the Gospel* &c. v. *Wheeler* & al. 2 *Gal.* 105. So thought the supreme court of the *United States,* in *Ogden* v. *Blackledge,* 2 *Cranch* 272., who considered the point too plain for argument, and said, that a statute could not retrospect so as to take away

New-London,
July, 1829.

Perkins
*v.*
Perkins.

a vested right. And so said the court of *King's Bench,* in *Couch q. t.* v. *Jeffries,* 4 *Burr.* 2460. wherein the question was, whether a statute passed after the commencement of a suit could affect such suit ; and they unanimously determined it could not. "It can never be the construction of this act," said Lord *Mansfield,* " to take away this vested right, and punish the innocent pursuer of it with costs." But I forbear.—This Court have repeatedly decided otherwise ; and I submit. Vide *Hills* v. *Thrall,* in this Court, in 1801. *Goshen* v. *Stonington,* 4 *Conn. Rep.* 209. *Mather* v. *Chapman,* 6 *Conn. Rep.* 54.

But it is said, that there is no evidence, that the suit was commenced before the passage of the statute in question. It appears by the sheriff's return, which is a part of the record, that the process was served *May* 28th, and that the statute authorizing an appeal was approved *June* 4th, 1828. It is a well settled rule, that the return of an officer is *prima facie* evidence of the facts therein stated. This statute is a public law, whereof we are bound to take notice. *Butts* & al. v. *Francis,* 4 *Conn. Rep.* 424. *Slayton* v. *Chester,* 4 *Mass. Rep.* 478. 1 *Bla. Comm.* 85.

It is also said, that the appearance of the plaintiff after the appeal, and submitting to the jurisdiction of the court, by proceeding to trial on the merits, are equivalent to a waiver of all exceptions to the appeal and to the jurisdiction of the court ; and so is the law, when the want of jurisdiction arises from the want of legal notice. But when the want of jurisdiction appears of record, the defect cannot be supplied by the submission of the party ; for the agreement of the parties cannot alter the law, nor make that good which the law makes void. *Aldrich* v. *Kinney,* 4 *Conn. Rep.* 380. *Mitchell* v. *Kirtland,* 7 *Conn. Rep.* 229. and the authorities there cited.

I am, therefore, of opinion, that there is no error in the judgment complained of.

The other Judges were of the same opinion.

Judgment affirmed.