SEYMOUR STEVENS, *Appellant v.* ALVAN HEWITT, *Appellee.*

*Motion to dismiss.    Pleading.    Statute of limitations.*

A motion to dismiss a declaration must be made before any plea in bar is filed, unless the motion to dismiss raises a question of jurisdiction.

If, in an action of debt upon judgment before a justice of the peace, the judgment is described erroneously by giving a wrong initial of the justice's name, and by stating the aggregate amount of the debt and costs instead of reciting each of them separately, the plaintiff, after the action has been appealed to the county court, may be allowed to file a new declaration, properly describing the judgment in those particulars.

The power of the court to allow new declarations to be filed in cases appealed from justices of the peace is derived from their general power to allow amendments of the process and proceedings in court.

Executions are no part of the record of a judgment, and upon a plea of *nul tiel record,* copies of the executions issued upon the judgment in question need not be offered in evidence.

The supreme court will only so far inquire into an issue of fact, tried by the court in the county court, as to ascertain whether the evidence had a legal tendency to support the finding of the court below.

The admission of the defendant made on the day of the trial of an action of debt on judgment against him, "that the plaintiff had an old judgment against him which was then on trial, and he was willing to pay it, and would pay it the next fall in cash or labor," *held* to be legally sufficient to authorize the county court to decide that the debt was not barred by the statute of limitations.

DEBT on judgment. Trial by the court. The action was originally brought before a justice of the peace, and was appealed. The original declaration described a judgment rendered in favor of the plaintiff against the defendant, on the 29th of May, 1837, and one dollar for four executions, signed J. G. Newell, Justice Peace.

The plaintiff filed a new declaration in the county court, in which the judgment was described as rendered by G. Newell, Esq., a justice of the peace for Rutland county, on the 29th of May, 1837, for the sum of twelve dollars and eighty-eight cents damages, and one dollar and sixty-nine cents costs; upon which three executions had been issued and returned unsatisfied, etc. After this new declaration was filed, the defendant pleaded *nul tiel record* and the statute of limitations, and afterward moved to dismiss the new declaration for variance from the original declaration before the justice. The court decided that the motion to dismiss was not admissible, after pleading to the merits, and overruled the motion. The plaintiff then offered in evidence the copy of a record of a judgment corresponding with that described in his new declaration, to which the defendant objected as incomplete, because it did not contain a copy of the executions issued on the judgment. This objection was overruled and the evidence admitted.

The plaintiff then introduced evidence which proved that the defendant, on the day of the trial before the justice, admitted that the plaintiff had an old judgment against him, and upon which an action was then on trial, and that he was willing to pay it, and would pay it the next fall in cash or labor. The county court at the March Term, 1857,—KITTREDGE, J., presiding,— rendered judgment for the plaintiff, to which, and their other decisions in the case, the defendant excepted.

*R. R. Thrall*, for the defendant.

The court had no jurisdiction, and therefore the motion to dismiss was in order. *Eaton* v. *Houghton*, 1 Aiken 380 ; *Glidden* v. *Elkins*, 2 Tyler 218. The court erred in rendering a judgment that the claim was not barred from the evidence reported. *Aldrich* v. *Morse*, 28 Vt. 642 ; *Cross* v. *Conner*, 14 Vt. 394 ; *Carruth* v. *Paige*, 22 Vt. 179.

*Briggs & Nicholson*, for the plaintiff.

The motion to dismiss was equivalent to a plea in abatement. *Pollard* v. *Wilder*, 17 Vt. 48; *Wheelock* v. *Sears*, 19 Vt. 559; and was out of time; *Jennison et al.* v. *Hapgood*, 2 Aikens 31; *Bennett* v. *Stickney*, 17 Vt. 531; *University of Vt.* v. *Joslin*, 21 Vt. 52. The plea of the statute of limitations constituted a waiver of all others. *Kellogg, ex parte*, 6 Vt. 509; *Bennett* v. *Stickney*, 17 Vt. 531. The execution formed no part of the record of the judgment. The record without the execution showed that the parties were properly in court, and that the subject matter of the suit was within the cognizance of the court. *Downer* v. *Dana*, 22 Vt. 337. No issue was made that the executions were returned unsatisfied, and no copies were necessary.

The opinion of the court was delivered by

POLAND, J. The defendant's motion to dismiss the plaintiff's new declaration, being filed after he had pleaded pleas of *nul tiel record*, and the statute of limitation to the same declaration was clearly out of time, if it was to be regarded as a mere dilatory objection ; as such objections, whether raised by plea, or motion merely, are waived by pleading to the merits. The county court treated the motion as of this character, and overruled it upon that ground. The defendant claims, however, that his motion really raised a question as to the jurisdiction of the court, and that the plaintiff's new declaration presented a claim, over which the court had no right to take jurisdiction, and that therefore his motion was in season. If it properly raised such a question, then it was not too late to make it, for objections to the jurisdiction of the court over the subject matter of the suit are always in season, and indeed, such objections cannot be cured, for the judgment itself is void, if the court had not jurisdiction of the cause in which it was rendered. What was the real character of the defendant's motion? The plaintiff had by leave of the court filed a new declaration in lieu of the one used before the justice, setting forth the cause of action more fully and formally, and in some particulars differently, from the original declaration. The justice declaration described a judgment rendered by J. G. Newell, justice of the peace, on the 29th of May, 1837, for fourteen dollars and forty-nine cents, and alleged that

four executions had been issued upon it. The new declaration set out a judgment rendered by G. Newell, justice of the peace, on the 29th of May, 1837, for twelve dollars and eighty cents damages, and one dollar and sixty-nine cents costs, and alleges that three executions had been issued thereon. The whole ground of the defendant's motion rests upon the assumption that the new declaration really set forth another and different cause of action from that declared on in the original declaration, and that therefore the county court had no right to allow it to be filed, and therefore acquired no legal jurisdiction over this new cause of action, thus imported into the case. The whole power of the court to allow new declarations to be filed, in causes appealed from justices of the peace, rests upon their general power and authority to allow amendments of the process and proceedings pending in court. And although in practice it is doubtless true, that this power of amendment is exercised to its utmost limit in appealed cases, where the original process and proceedings are often very crude and inartificial, still the power of the court has the same legal limit, as in cases brought originally in the county court, and where usually, more care and skill are exercised at the commencement of the suit· The general power of the court to allow amendments, was pretty fully discussed and considered by this court, in the case of *Bowman v. Stowell*, 21 Vt. 309, and the previous decisions examined. In that case it is stated, as the result of the cases in this state, "that the court have power to allow any amendment, which does not change the parties, or the nature, or cause of· action, unless it be of some statute requisite in relation to the process itself." Under this rule then, if the judgment declared on in the new declaration was really *another* and a *different* judgment from that set up in the original, the county court had no legal power to allow such a declaration to be filed. If the court had, however, in such case, allowed a count to be filed on another and different judgment, and the defendant, without objection, pleaded to it, we think it might be difficult to maintain that it presented a case where the court had no jurisdiction. The subject matter of the new count was one of which the county court had general appellate jurisdiction, and if the defendant allowed it to be introduced into the suit without objection, though irregular, it might be said that it was

waived. If the defendant had made no objection, and had allowed final judgment to be rendered against him, would that judgment have been a nullity, and wholly void? Clearly it would, if the court had no jurisdiction. But as to this, we have no occasion to decide. If the judgments were the same, and it was not so wholly misdescribed in the original declaration, as to totally destroy its identity, we think the court had power to allow any error in its description to be cured by amendment. In many particulars the original description was correct. The *parties*, the ˙*date*, and the *amount*, were all correctly given. The principal error was in the initials of the name of the justice who rendered the judgment, and in not dividing the amount into separate damages and costs, though the total amount was correct. These errors would have been fatal variances between the record and the declaration, no doubt, and so is the slightest error in the description of any sum, or date, in a judgment, or note, or other written contract declared on. But this has never been considered any reason why they could not be amended, and such errors furnish a common and fruitful source for such applications. The object of all amendments of any importance is usually to remedy some defect, which, if not so cured, would prevent a recovery. In *Bowman* v. *Stowell*, above cited, cited, the plaintiff's declaration showed no title in the plaintiff to sue on the note, till amended. We are satisfied that there was no ground to suppose that the new declaration introduced any new cause of action, and that the defendant's motion was properly overruled, and should have been overruled, even if he had not already plead to the merits of the action.

Upon the trial of the issues to the court, the defendant objected to the record offered by the plaintiff, because the record did not contain copies of the executions, which were alleged to have been issued. But the executions were no part of the record, and the plaintiff was under no necessity to make them a part of it. The plea only denied and put in issue the existence of the *judgment*, and the production of the record of the judgment established that issue. The allegation of the issuing of the executions, was no part of the description of the judgment, nor was the plaintiff, under that issue, bound to produce them. It has been said, sometimes, that where the record shew an execution issued, and the

same was not produced, or in any way accounted for, it raised a presumption that the same had been satisfied, but in order to make the production of the execution necessary, the case must stand upon some issue which involves the question of payment, or satisfaction of the judgment. No such issue was before the court here. The defendant's objection to the sufficiency of the proof to establish a new promise, to take the case out of the statute of limitations, rests much upon the same theory as his claim under the motion to dismiss; that is, that the judgment declared on in the new declaration, and tried in the county court, was really another, and different judgment, from that described in the justice writ, and tried before the justice.

But we have already shown that this assumption is without any just foundation, and the county court, in allowing the new declaration to be filed, must have found that the judgment described in that declaration was really the same that was litigated before the justice.

Whether the admission made by the defendant, at the justice trial, was in reference to the same judgment produced in the county court, was a question of fact for the county court to decide, and we could not revise their finding, if we thought it possibly erroneous.

In examining the decision of the county court, upon an issue of fact tried by the court, this court can only go far enough to see whether the evidence which the county court had before them, was such as had a legal tendency to support their finding, for, as to the credence to be given to it, the judgment of the county court stands as the verdict of a jury. The question is the same, as whether the county court would have been legally correct in submitting the same evidence to the jury, on an issue of a new promise. And that the evidence was sufficient for that purpose, we have no doubt. Nor do we think that what the defendant said was accompanied with the expression of any *unwillingness*, or *disinclination*, to pay the debt, or remain liable for it, or that it was clogged with any condition, so as to bring it within the class of cases referred to, where the promise, or acknowledgment, has been held inoperative on such grounds. The defendant admitted, say the exceptions, "that the plaintiff had an old judgment against him, which was

then on trial, and he was willing to pay it, and would pay it, the next fall in cash or labor." It does not appear from the exceptions, that this was said to the plaintiff, or even in his presence, or that it was in any negotiation in reference to a settlement of the claim. What the defendant said, that " he would pay it " the next fall, in cash or labor," does not appear to have been added as a condition, upon which he was willing to become liable, or to pay, but rather, as another form of stating his willingness to pay the debt.

We think the evidence was legally sufficient to authorize the county court to find an unequivocal admission by the defendant, that the debt was due, from which the law would raise a new promise.

The judgment of the county court is affirmed.