THATCHER T. PAYNE *vs.* FARMERS AND CITIZENS' BANK.

Everything so annexed to the freehold as to pass by the levy of an execution upon the land, must be presumed to have been taken into consideration by the appraisers in estimating the value of the property under such levy.

It is not necessary that the appraisers in such a case should estimate in detail the value of the different items that go to make up the aggregate of the property appraised and set off on the execution.

Where no service has been made on a defendant, his appearance in the case without pleading the want of jurisdiction, is a waiver of the objection, and gives the court jurisdiction, unless the case is one where the court could not have had jurisdiction even if the process had been regularly served.

BILL IN EQUITY. The respondents had attached, and afterwards levied an execution upon, the equity of redemption in certain real estate of the petitioner, leaving about $1,400 of their judgment unsatisfied. The bill alleged that in the appraisal of the property to be set off on the execution, about $5,000 worth of fixed machinery was not estimated by the appraisers, but that by the levy of the execution the title to the whole had legally passed to the respondents, and prayed that a satisfaction of the judgment might be entered upon the record and that the respondents might be enjoined against enforcing further payment of the judgment. The judgment had been rendered in the superior court for Fairfield county. The facts were found at much length by the court, but as the general principles involved can be sufficiently understood

without detailing the facts, a statement of them is omitted. A question was made as to the jurisdiction of the court, which will also be sufficiently understood from the opinion. The case was reserved for the advice of this court.

*Sturges*, for the petitioner.

*Hawley* and *Seeley*, with whom was *Loomis*, for the respondents.

HINMAN, J. The respondents make the question whether the court has jurisdiction of this case. The parties are citizens of New York, and the respondents were never served with the process in this state, and no property of theirs is attached and held to be appropriated in satisfaction of any decree that may be obtained. This certainly seems to present a strong case in favor of the objection, had it been properly taken in time, or even had it not been waived by any previous appearance, unless indeed the case was one which must necessarily have been brought in the courts of this state, which we need not consider. But the respondents voluntarily appeared, and moved for and obtained bonds for prosecution, and after the lapse of one or more terms of the court they attempt to take advantage of this objection. This we think can not be done. Indeed this point was not much pressed, and could not properly be, as it is well settled that, unless the case is one of which the court can not take jurisdiction even when regularly brought and served, the appearance of the parties generally, without pleading to the jurisdiction or taking any exception thereto, is a waiver of all objection on that ground.

Coming then to the merits of the case, we think a necessary, and indeed the most important and essential allegation in the bill, not only not found to be true, but, on the contrary, were we authorized to infer facts from the facts and circumstances which are found, we should certainly find it to be untrue. The plaintiff's whole case rests upon his claim that a large amount of his property was set off to the respondents on their execution, so as in law to have become their property, and

yet it was not estimated by the appraisers, or in any manner taken into consideration, by which means the plaintiff has been deprived of it, and the defendants have acquired a title to it, without any consideration or compensation therefor.

This property consisted of the fixed machinery which passed by the levy with the mill, and the land on which the mill stood. Was it then fairly levied upon, appraised, and set off to the respondents on their execution according to law?

No exception is taken to the form in which this was attempted to be done. Indeed the complaint is that it appears on the face of the officer's return to have been regularly done when in fact it was not so done, because the machinery, or a large part of it, was not in any mode estimated or valued by the appraisers; and that therefore the respondents have obtained a title which they have no equitable right to retain without making compensation in the mode asked for in the bill.

Now, on a claim of this sort, it is incumbent on the plaintiff to make out his case by such clear preponderance of testimony as will enable the court to find the facts affirmatively as claimed. The presumption in favor of the regularity of the proceedings, both of the officer and the appraisers, is very strong, and this ought to be overcome by clear proof, or it will stand as it appears by the officer's return; and if all the plaintiff can do is to raise a doubt upon the point, he must of course fail in his application. We might stop here, by merely remarking that the superior court has not found the facts on this point as claimed by the plaintiff, and, as it is not the practice of this court to find facts, dismiss the bill. But we have looked into the facts and circumstances stated in the finding, and from which the parties draw opposite inferences of fact, sufficiently to satisfy us that the superior court was correct in not finding from them the principal allegations of the bill to be true. We think the fixed machinery in the mill was estimated by the appraisers, that is, that it went to enhance the value of the mill, as it should have done. Of course, every thing so annexed to the freehold as to pass by the levy must be presumed to have been taken into consideration, or there would be no safety in relying upon an execution title. In addition to this

the officer and the appraisers were all informed, previous to the levy, that the fixed machinery should be taken into consideration in making the appraisal. There seems therefore to be no reason for saying that it was overlooked. It is true no schedule was made of each separate piece of machinery; and such we suppose might very reasonably be expected to be the case if a piece of land with several buildings upon it was levied upon and set off. The appraisers might not estimate each building by itself, and make a schedule of them, or of the fixtures connected with them. Nor is there any more necessity for it than there would be to estimate separately the timber or other trees that might be growing upon land levied upon. The water wheels and shafting stand upon the same footing. They were not separately estimated, but the appraisers were not misled in respect to them. They had full opportunity to examine them, and must have known them to be necessary parts of the mill, and as such they undoubtedly took them into consideration. At any rate we see nothing to show that they did not.

We therefore advise the superior court to dismiss the bill.

In this opinion the other judges concurred.

Advice that bill be dismissed.