# HIRAM MILLER, Plaintiff in Error, *v.* JAMES MILLS, Defendant in Error.

### ERROR TO WAYNE.

A return of service of chancery process, which states that it was left with E. M., the wife of the defendant, a person over fourteen years of age, a member of his family, at his usual place of abode, after having made known contents, etc., is defective. Such a return does not show that the copy was left at the usual place of abode of the defendant, nor that it was left with a white person.

Defendant and his wife may both have been black; the law raises no presumption to the contrary.

THIS was a bill in chancery, filed in the Wayne Circuit Court by defendant in error, against plaintiff in error, to enforce a vendor's lien.

The bill alleges, that Miller, defendant in error, contracted to sell the land mentioned in said bill to Mills, plaintiff in error, for the sum of $1,000—$450 to be paid in hand, and $292.50 by the 1st day of January, 1861, and $292.50 on or before the 1st of January, 1862, for which said last payments Miller executed his two promissory notes. That in making the first payment, of $450, Miller delivered to Mills a horse for $115, as a part of said amount, which said horse was redelivered to Miller upon his executing to Mills his promissory note for $115, due 25th December, 1863,—copy of said notes made exhibits to said bill.

Bill alleges, that Mills executed a bond for deed to said land to Miller, at the time said notes were given, and first payment made, in which said bond it was provided, (as complainant in said bill, Mills, remembered), that Miller should execute to said Mills a mortgage on said land, to secure the purchase-money.

Bill further alleges, that on the first of July, 1861, he executed a deed to said land to Miller, and at the same time demanded of Miller a mortgage to secure the remainder due on said land, which Miller refused to give.

Bill alleges, no part of said notes have been paid, and that said Mills has not received any security of any kind whatever.

Bill contains usual prayer for relief, etc.

Summons issued to defendant below (Miller.)

Returned, by leaving copy with member of family, etc., but does not show that the copy was left with a "white" person.

Decree by default for $604.22, and ordered to be paid in ninety days, and in default, land to be sold and conveyed by deed in fee simple, etc.

The following error was assigned :

The court erred in giving judgment by default against plaintiff in error, upon the return of service in this cause, said return failing to show said copy of writ was left with a white person, etc.

J. G. BOWMAN, and R. P. HANNA, for Plaintiff in Error.

Under the above assignment of error, we contend that the return upon the process does not show the service to be such a compliance with the statute as would give the court below jurisdiction. For anything shown by the return, the copy may have been left with a negro or mulatto. *Townson et al.* v. *Griggs et al.*, 2 Scam. 363; *Montgomery et al.* v. *Brown*, 2 Gilm. 584.

E. AND C. A. BEECHER, for Defendant in Error.

BREESE, J. It is provided by section 7, chapter 21, that service of summons in chancery shall be made by delivering a copy thereof to the defendant, or leaving such copy at his usual place of abode, with some white person of the family, of the age of ten years or upward, and informing such person of the contents thereof, which service shall be at least ten days before the return day of such summons. (Scates' Comp. 139.)

The return in question is as follows: "I have served this summons on the within named Hiram Miller, by leaving a true copy of the within with Ellen Miller, his wife, a person over fourteen years of age, a member of his family, at his usual place of abode, after first having fully made known the contents of the same to her, this 24th March, A. D. 1862."

We think this return is defective in two particulars. First, it does not show that the copy was left at the usual place of abode of the defendant, nor that it was left with a white person. *Non constat* but that it was a family of colored persons, the defendant and his wife both being black.

The return states that Ellen Miller, his wife, was a member of his family, at his usual place of abode; not that he served her with the copy at the usual place of abode of the defendant. This return was insufficient to warrant a decree by default. The sheriff should have been called on to amend it if he could.

The decree is reversed, and the cause remanded, with leave to the sheriff to amend his return.

*Decree reversed.*