## SAMUEL WOODRUFF AND OTHERS *vs.* CURTIS BACON.

A writ of scire facias, brought on a judgment of the superior court in a foreign attachment, was signed by a justice of the peace instead of the clerk of the court as required by the statute. The defendant appeared and pleaded to the merits, and the cause remained in court nearly three years, when the defendant moved that the case be erased from the docket because the writ was not signed by the clerk of the court. Held—1. That the process was not void, but only defective. 2. That the defendant had waived the objection.

An order of the court erasing a case from the docket can be reviewed on a proceeding in error.

And such a judgment will be reversed if erroneous, although it does not appear by the record which party moved to have the case dismissed.

SCIRE FACIAS, brought to the superior court in Hartford county, in a proceeding of foreign attachment in that court in which the defendant had been factorized. The writ was. signed and issued by a justice of the peace. The statute with regard to foreign attachment provides that "a scire facias may be taken out from the clerk of the court where the judgment was rendered." The defendant appeared and pleaded the general issue with notice. The suit was brought to the December term of the court in the year 1863, and by continuance came to the September term, 1866, at which latter term

the defendant moved that the case be stricken from the docket on the ground that the writ was not signed by the clerk of the court. The superior court (*Phelps, J.,*) granted the motion, and ordered the case stricken from the docket. The plaintiffs brought the record before this court by motion in error.

T. C. Perkins and McFarland, for the plaintiffs.

F. Fellowes and Chamberlin, for the defendant.

PARK, J. The writ in this case was signed by a justice of the peace. It was duly served and returned to court. In due time the defendant entered the plea of the general issue, with notice of special matters of defence that would be made upon the trial. The cause was continued in court from term to term for a period of nearly three years, when it was erased from the docket on the ground that the court had no jurisdiction of the cause, inasmuch as the process was signed by a justice of the peace, when according to the statute the same ought to have been signed by the clerk of the court that tried the action upon which the proceeding is based.

Whether the court erred in erasing the cause depends upon the question whether the process was void or not. If the process was void no action of the parties could cure the defect or confer jurisdiction upon the court, and it was properly erased, the cause appearing upon the face of the proceedings. *Perkins* v. *Perkins,* 7 Conn., 558 ; *Wickwire* v. *The State,* 19 id., 477 ; *Andrews* v. *Wheaton,* 23 id., 112 ; *Wildman* v. *Rider,* id., 172 ; *Bishop* v. *Vose,* 27 id., 1 ; *Osgood* v. *Thurston,* 23 Pick., 110 ; *Carroll* v. *Dorsey,* 20 Howard, 204, 207 ; *Stevens* v. *Hewett,* 30 Verm., 262 ; *Badger* v. *Towle,* 48 Maine, 20 ; *Crawford* v. *Stewart,* 38 Penn. S. R., 34.

But we think that the process was not void. The case of *Fowler* v. *Bishop,* 32 Conn., 199, virtually determines that a defect like the one in question may be waived by the defendant.

The suit in that case was originally brought to the city court of New Haven and went by appeal to the superior court. In the superior court the *ad damnum* clause was increased by amendment, to an amount beyond the jurisdiction of the city court, and within the original jurisdiction of the superior court. The defendant made no objection to the proceedings till after a trial was had upon the merits of the case, and judgment was rendered against him. On a review of the case before this court Chief Justice Hinman, in giving the opinion of the court, says :—"If the action had originally been brought to the superior court by a process defectively served, or even had there been no service whatever, and the defendant had chosen to appear, and had taken no advantage of the defective service, or the total want of it, and the case had proceeded to trial upon its merits, it is clear that the want of service would be waived, and the jurisdiction of the court over the case would have been ample. The court having jurisdiction over the subject matter, nothing remains to enable it to take jurisdiction of the case but the proper presentation of it to the court, which was done by the pleadings, and that the court should also in some proper mode obtain jurisdiction over the parties. But the parties may as well come before the court and submit to its jurisdiction without the service of process upon them as with such service, and if they do so the jurisdiction of the court is obtained over them, and having ample jurisdiction of the subject matter it may lawfully proceed to the trial of the cause."

The principle of that case must govern the one in question. The superior court had ample jurisdiction over the subject matter of the suit. It was properly presented to the court by the pleadings of the parties, and the defect is similar in character to the one supposed by the Chief Justice. The law prescribes a mode by which a plaintiff may compel a defendant to appear in court and make answer to matters alleged against him. The signing of the process by some proper officer is a part of the mode. The service of the same upon the defendant is another part of it. Both are essential to compel a defendant to appear in court, and the one is no more so

than the other.   If the defendant may waive the omission in
the one case and submit himself to the jurisdiction of the
court, so as to give the court jurisdiction over the parties, so
he may in the other case.   The mode was prescribed for the
benefit of the defendant and why may he not waive the omis-
sion ? ·  Suppose the defendant had appeared in court and en-
tered upon this proceeding a formal waiver of all objection to
the manner in which this case came into court, and the case
had been prosecuted to final judgment, could either of the
parties then treat the proceeding as a nullity ?   Would either
be permitted thus to speculate upon the chances of a favorable
result, and then treat the transaction as void should the case
terminate contrary to his expectations ?

It is common for defendants to enter upon process a waiver
of service, or of the length of time that the law requires that
service shall be made, before the sitting of the court to which
it is returnable, and why may they not waive the signing of
process by some proper officer?   All that the officer signing
the process does, or can do, is to attest the proceeding, and
command the sheriff, his deputy, or some constable, to make
service.   If the defendant can waive the service manifestly
he can waive the command to make service, and all that re-
mains is the attesting of the proceeding.   But the defendant
knows as well as the officer signing the process can know,
whether there is proper foundation for the proceeding, and
inasmuch as this is required for the benefit of the defendant,
that he may not be harrassed by unauthorized suits, no good
reason can be given why it may not be waived. *Payne* v.
*Farmers' and Citizens' Bank*, 29 Conn., 415 ; *Schenley* v.
*The Commonwealth*, 36 Penn. S. R. 29 ; *Sherer* v. *Easton
Bank*, 33 id., 134 ; *Lovell* v. *Sabin*, 15 N. Hamp., 29 ; *State*
v. *Richmond*, 6 Foster, 232.

We think therefore that, inasmuch as the defendant appear-
ed in court and answered this proceeding by entering a plea
to the merits of the case and submitted himself to the juris-
diction of the court for so long a period of time without making
any objection to the mode in which the cause came into court,
the court thereby acquired jurisdiction over the parties in the

cause, and having jurisdiction over the subject matters in controversy, and these matters being properly presented by the pleading of the parties, the court had ample jurisdiction of the case for all purposes, and consequently the order of the superior court erasing the case from the docket was erroneous.

We think there is nothing in the further claim of the defendant, that the order of the court directing the case to be stricken from the docket is not a judgment that can be revised on motion in error, nor in the claim that, if the order be the subject of revision, the plaintiffs cannot claim that the court erred inasmuch as it does not appear but that the order of the court was made upon their own motion.

There is error in the judgment complained of, and it is therefore reversed.

In this opinion the other judges concurred.