# JAMES A. PIGGOTT *et ux.*
*v.*
# ASA SNELL.

1. RETURN OF SERVICE, *in chancery—its requisites.* The return of service upon a chancery summons was as follows: " I have served the within writ upon the within named Susan J. Piggott, by leaving a true copy of the same with James A. Piggott, a white person of the family, above the age of ten years, and informing the said James A. Piggott of the contents thereof, this 17th day of February, A. D. 1869 : " *Held*, the return was defective in not stating that the copy was left at the usual place of abode of the defendant, and for that reason was insufficient to confer jurisdiction of her person. Where the service is by copy, the return must show a strict compliance with the statute.

2. MARRIED WOMEN—*whether service upon the husband sufficient.* The common law rule, that service of summons, against husband and wife, on the husband alone is good against both, is so far changed by the legislation in this State in respect to the right of property of married women, that whenever it is sought by a judicial proceeding to affect the rights of property of a married woman, she must be served with process.

3. And even at common law, it has been held necessary, where the plaintiff is seeking relief out of the separate estate of the wife, that the wife should be served.

4. So, in a suit in chancery against husband and wife, to foreclose a mortgage executed by both, and there was service upon the husband alone, it was held to be erroneous to decree a foreclosure against both the defendants, although it did not appear what was the nature of the wife's interest in the mortgaged premises.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. CHARLES D. HODGES, Judge, presiding.

This was a suit in chancery, commenced by Asa Snell against James A. Piggott, and Susan J. Piggott, his wife, to foreclose a mortgage executed by the defendants on certain premises described in the bill.  The default of defendants was entered and a decree rendered according to the prayer of the bill, and upon failure of the defendants to pay the sum found to be due, the premises were sold by the master in chancery to complainant, Snell, for the amount of the decree, interest and costs of suit.  The defendants bring the record to this court and ask a reversal of the decree.

Messrs. WARREN, POGUE & AMES, for the plaintiffs in error.

Mr. M. B. MINER, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only point relied upon for the reversal of the decree in this case is, the insufficiency of service of the summons on Susan J. Piggott.

The return of service as to her is as follows:

"I have served the within writ upon the within named Susan J. Piggott, by leaving a true copy of the same with James A. Piggott, a white person of the family, above the age of ten years, and informing the said James A. Piggott of the contents thereof, this 17th day of February, A. D. 1869.

JAMES H. BELT, Sheriff.
By C. S. OLNEY, Deputy."

The statute provides that service of summons in chancery shall be made by delivering a copy thereof to the defendant, or leaving such copy at his usual place of abode, with some white person of the family, of the age of ten years or upward, and informing such person of the contents thereof, which service shall be at least ten days before the return day of such summons.

This return is defective in not stating that the copy was left at the usual place of abode of Susan J. Piggott.

According to the decisions of this court, in serving process by copy, the return of the officer must show a strict compliance with the statute, or the court will not obtain jurisdiction of the person. *Townsend et al.* v. *Griggs,* 2 Scam. 365; 2 Gilm. 581, *Montgomery et al.* v. *Brown;* *Boyland* v. *Boyland,* 18 Ill. 551; *Miller* v. *Mills,* 29 Ill. 431; *Cost et al.* v. *Rose et al.* 17 Ill. 276.

But it is insisted that service of summons against husband and wife, on the husband alone, is good service on both, and the husband is bound to answer for both, or judgment may be taken as confessed against both.

In *Ferguson* v. *Smith et al.* 2 J. Ch. R. 138, the chancellor says, "The general rule is, that the service of a *subpœna* against husband and wife, on the husband alone, is a good service on both, and the reason is, that the husband and wife are one person in law, and the husband is bound to answer for both; but where the plaintiff is seeking relief out of the separate estate of the wife, it has been deemed necessary, in a late case (9 Vesey, 488), that the wife should be served."

It does not appear, here, what is the nature of the wife's estate in the mortgaged premises. But whether it be her separate estate or not, according to the meaning of that term in a court of equity, recent legislation has made such innovation upon the common law governing the rights of property of married women, creating such a separation of the property interests of husband and wife, that it has effected a virtual repeal of some of the former rules of law pertaining to the subject; and we think that whenever the rights of property of a married woman are sought to be affected by a judicial proceeding, service of process should be had upon her.

The court below erred in taking the default of Susan J. Piggott, and in rendering the decree, until she was brought before the court. *Montgomery et al.* v. *Brown et al.* 2 Gilm. 581; *Leonard* v. *Admr. of Villars,* 23 Ill. 377.

The decree of the circuit court is reversed, and the cause remanded for further proceedings.

*Decree reversed.*