# KENT COUNTY.

</div>

<div align="center">

## VICTOR VERSEPUY *vs.* JOSEPH WATSON *et ux.*

</div>

A writ of summons cannot, in Rhode Island, be served on husband and wife by leaving at their place of abode one attested copy for both.

When a sheriff's return showed such attempted service:

*Held,* no service had been made upon either husband or wife.

ASSUMPSIT. On motion to strike out pleas.

*Providence, July* 5, 1879. DURFEE, C. J. This is *assumpsit* against husband and wife for the debt of a wife contracted before marriage. The writ was served in the county of Providence by Lyman Upham, deputy sheriff, by an attachment of her real estate. The writ also has on it the following return, to wit:

" KENT, Sc. In East Greenwich in said county, on this 14th

day of June, A. D. 1878. I have this day summoned the within-named Joseph Watson and Mary A. Watson his wife, by leaving a true and attested copy of the within writ at his last and usual place of abode, as commanded.

     " (Signed)        LOWELL PITCHER, *Deputy Sheriff.*"

The defendants plead in abatement that they had no last and usual place of abode in East Greenwich on the 14th day of June, 1878, but were only staying there temporarily at an inn, and that Lowell Pitcher left one copy of the writ at the inn, which he said was for Mrs. Watson, and left no other copy and made no other service.

·The plaintiff moves to strike out the pleas as frivolous. He contends that they are bad because they contradict the return. They do not contradict the return in the allegation that only one copy was left for the service of the two defendants, and, therefore, we do not see how the pleas can be stricken out as frivolous, unless one copy is sufficient for both services, or unless the copy which was left can be held to have been left only for the husband.

It has been held, and we think correctly, that a writ cannot be served on two persons, not husband and wife, living in the same house, by leaving one copy for both, but that two copies must be left, one for each of them. *Butts* v. *Francis*, 4 Conn. 424; *Bugbee* v. *Thompson*, 41 N. H. 183. The law will apply in the same manner to husband and wife, unless the wife is so completely merged in the husband by their marriage that she need not be regarded as a separate person, and that service on him will answer for both. There are cases which hold that such is the law. 3 Chitty Gen. Prac. *263; *King* v. *M'Campbell*, 6 Blackf. 435; *Foote* v. *Lathrop*, 53 Barb. S. C. 183; *Eckerson* v. *Vollmer*, 11 How. Pr. 42. But our statute directs that " a writ of summons shall be served by reading the same to the person to be summoned, or by leaving an attested copy thereof with him or at his last and usual place of abode;" and we think this provision, especially in view of the changes which have taken place in our law in relation to the rights and liabilities of married women, must be held to apply to a married woman the same as to any other person to be summoned, even though the husband is joined with her in the writ. *Piggott* v. *Snell*, 59 Ill. 106.

But, in the case at bar, can we not hold that the wife has been served by the attachment of her real estate, and the husband served by the copy left at his abode, and so hold that both have been duly served ? We think not. The writ directs the attachment of the wife's real estate, and it also directs the summoning of herself and her husband. The officer returns that he has summoned both, and we discover no reason for holding that one was summoned rather than the other, and, therefore, inasmuch as the service by summons cannot be held to be good for both, we do not see how it can be held to be good for either.

The plaintiff further contends that the pleas should be stricken out, because, being dilatory pleas, the defendants had no right to plead more than one of them. We think, however, this is no reason for striking out both, but at the most only for striking out one of them. *Slocomb* v. *Powers*, 10 R. I. 255.

*Motion dismissed.*

*Joseph W. Congdon*, for plaintiff.
*Rollin Matthewson*, for defendants.