## Wanamaker et al. v. S. Poorbaugh.·

1. SERVICE OF PROCESS—*When Constructive Service is Relied Upon.* —Where constructive service is relied upon a strict compliance with the provisions of the statute is required by the courts.

2. SAME—*By Officers in Foreign States.*—Where the return of service by a sheriff of a county in Pennsylvania showed that he served the writ "by leaving a copy of it at the late residence of S. P. P with an adult," etc., and the Pennsylvania statutes provide that if the defendant can not conveniently be found, the service may be made by leaving a copy at his dwelling house in the presence of one or more of the adult members of his family, *it was held,* that the service shown by the return was insufficient to authorize a judgment by default.

3. STATUTES—*Construction by Tribunals of Other States.*—Where a statute of another State has been given a construction by the highest tribunals of that State, such construction will, ordinarily, be adopted as binding and conclusive.

Debt, on a judgment of a sister State. Appeal from the Circuit Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Affirmed. Opinion filed November 8, 1900.

ALDEN, LATHAM & YOUNG, attorneys for appellants.

BARKER & CHURCH, attorneys for appellee.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This was an action of debt on a judgment alleged to have been recovered in the Court of Common Pleas of Allegheny County, Pennsylvania, in favor of appellants and against appellee. Numerous pleas were filed, viz.:

"*Nul tiel record;* denying the jurisdiction of the Pennsylvania court; denying that service of process was had in that court, and that therefore the court had no jurisdiction over the person of the defendant; that the supposed judgment declared on is void for want of jurisdiction; denying that the defendant was a resident of the State of Pennsylvania at the date of the alleged service of process so served upon him; and a plea denying that the defendant or any of the adult members of his family were at any time served with any process in the proceedings in the Pennsylvania court."

We need, however, to mention, particularly, only such of them as the trial court seems to have considered in its rulings, excluding from the jury the exemplified transcript of the record of the alleged judgment, and in directing the jury to find the issues for the appellee.

The return of the sheriff to the summons, shown in the copy of the record that was offered in evidence and excluded, is as follows, omitting formal matters:

"Served September 24,1890, by leaving a true and attested copy of this writ at the late residence of S. P. Poorbaugh, with an adult member of his family."

The amended declaration filed in this case set up the statute of Pennsylvania, providing the various methods of serving a summons, and the statute was introduced in evidence. So far as material the statute is as follows:

"A writ of summons shall be executed by reading the same in the hearing of the defendant; or by giving him notice of its contents, and by giving him a true and attested copy thereof; or, if the defendant can not conveniently be found, by leaving such copy at his dwelling house in the presence of one or more of the adult members of his family; or, if the defendant resides in the family of another, with one of the adult members of the family in which he resides."

"Where a statute of a State has been given construction by the highest tribunals of the State, such construction will ordinarily, in the courts of a sister State, be adopted as binding and conclusive. And this, although the examining court finds that, upon similar language in a statute within their own sovereignty, they would place a different or even reverse construction." Van Matre v. Sankey, 148 Ill. 536.

Where constructive service is relied upon, as in this case, a strict compliance with the requirement of the statute is required by the courts of Pennsylvania, as well, probably, as everywhere else. Weaver v. Springer, 2 Miles (Dist. Court Phil.), 42; Winrow v. Raymond, 4 Pa. St. 501; Piggott v. Snell, 59 Ill. 106; Pennoyer v. Neff, 95 U. S. 714; Powder Co. v. Coal Co., 8 W. N. C. (Pa.) 76.

The sheriff's return in this case is that he served the writ by leaving a copy of it at the "late residence of S. P. Poorbaugh, with an adult," etc.

The Pennsylvania statute makes no provision for a service in that manner. The late residence of a person is not in any sense his dwelling house, nor is it the residence of the family of another in which he resides. It is said in Weaver v. Springer, *supra:*

"The suggestion that it may not be easy for the officer to ascertain, as to the service by leaving a copy, whether the place is the dwelling house of the defendant or the residence of another in whose family the defendant lives, and, in either case, to find an adult member of the family, is answered by the fact that the legislature have assumed the feasibility of the sheriff's performing such a duty, and have devolved the responsibility of it upon him."

A suggestion occurs to us that it nowhere appears in the return, that S. P. Poorbaugh, therein named, is the same person as the defendant of that name. He is not stated in the return to be the defendant, and we think he should have been. As in substance said in one of the Pennsylvania cases, that before visiting a party with a default upon a constructive service, common and equal justice demands that it should be unequivocally exhibited to the court by the record that the writ was served in the manner required by the statute.

We are satisfied that under the decisions referred to, the courts of Pennsylvania would not sustain the service as being within the requirements of their statute, thereby giving them jurisdiction over the person of appellee, and that for that reason a suit in this State upon the judgment is not maintainable.

There are other reasons why, in our opinion, the judgment of the Circuit Court should not be disturbed, but we will not stop to discuss them. Affirmed.