*Fairfield,*
Stratton & ux.
*v.*
Nichols.

---

## CRONE *against* DANIELS :

### IN ERROR.

Where two persons are appointed, by the court, auditors, in a suit pending in that court, the parties are not bound to submit to the action of one alone.

But where one of two auditors so appointed, assumed to act under the appoint-

ment, and having given notice to the parties, they appeared before him and were heard on the merits of the cause, in the absence and without the knowledge of the other auditor; after which the auditor so acting decided the matter in controversy, and made his report to the court; whereupon the unsuccessful party remonstrated against the acceptance of it, because it was made by only one of the auditors; it was held, that the objection must be considered as having been waived, by consent of the parties, and the court might properly accept such report.

THIS was an appeal from a decree of the court of probate for the district of *Danbury*, disallowing a claim on book, in favour of *John H. Crone*, against the estate of *Mary Daniels*, deceased.

The superior court, at its term in *February*, 1849, appointed *Daniel Blackman* and *Isaac H. Seeley*, Esqrs. auditors, to examine and adjust the accounts between the parties. On the 19th of *September*, 1849, after notice to the parties, they appeared before said *Seeley*, and were heard, with their exhibits, evidence and arguments of counsel; and on such hearing, he, the acting auditor, found and awarded nothing due to the appellant. *Blackman*, the other person appointed auditor, was then living in the town of *Danbury*, but was not present at the hearing, and had, in fact, no knowledge thereof. The superior court, at its term in *October*, 1849, accepted such auditor's report, and rendered judgment accordingly. The appellant thereupon, by motion in error, brought the record before this court for revision.

*Averill* and *Booth*, for the plaintiff in error, contended, 1. That auditors act in a public capacity, and derive their power exclusively from, and the act of, the court appointing them. *Patterson* v. *Leavitt*, 4 *Conn. R.* 50.

2. That where authority is conferred upon two or more persons, for public purposes, and especially for purposes of a *judicial* character, it may be executed by a *majority*, if all have been legally notified to act. *Middletown* v. *Berlin*, 10 *Conn. R.* 197. *Patterson* v. *Leavitt*, 4 *Conn. R.* 50. *Green* v. *Miller*, 6 *Johns. R.* 39. *The King* v. *Beeston*, 3 *Term R.* 592. Ex parte *Rogers*, 7 *Cowen*, 526. *Stat.* 201. 369.

3. That in this case, *Seeley* had no more power to hear and decide the matter in dispute, and make report, without

*Blackman,* than if he had not been appointed. Alone, he had no jurisdiction of the cause.

4. That the appearance of the parties before *Seeley,* added nothing to his power as an auditor. It was not a submission by rule of court. *Stat.* 108. § 208. A tribunal which has not jurisdiction of the cause, cannot acquire it, by the consent of the parties. *Benton* v. *Mead,* 6 *Conn. R.* 418. *Denison* v. *Denison,* 16 *Conn. R.* 34. *Perkins* v. *Perkins,* 7 *Conn. R.* 558. *Mitchell* v. *Kirkland,* 7 *Conn. R.* 229.

*E. Taylor,* for the defendant in error, contended, 1. That *Seeley,* by appointment of the court according to law, had, as auditor, jurisdiction of the person, the process and the cause, and was invested with all the powers of the court to audit and adjust the accounts between the parties.

2. That if otherwise, the appearance of the parties before him, and being fully heard, with their exhibits, evidence and arguments of counsel, without objection, is an admission of his jurisdiction, to which neither party can afterwards except. *Gould Plead.* 231. Or at least, it is a *waiver* of any exception to the jurisdiction, and neither party can afterwards insist on any want of jurisdiction. *Newtown* v. *Danbury,* 3 *Conn. R.* 553. 588. *King* v. *Lacey,* 8 *Conn. R.* 499. *Smith* v. *State,* 19 *Conn. R.* 493.

3. That the plaintiff in error must be presumed to have had notice of the appointment of *Blackman,* as an auditor. He was a party in court, and the appointment appeared on the face of the record.

CHURCH, Ch. J. If a power of a judicial character be conferred by law on three or more persons, a majority may legally execute the power, if all have been duly notified to act.

Here, a cause was referred to two only, as a board of auditors, of which there could be no majority, and the parties were not bound to submit to the action of one alone.

These auditors were appointed, by a public and recorded act of the court, of which, the parties to the action, of course, had notice. Only one of this board assumed to act under the appointment, and this without the knowledge of the other: he alone gave notice to the parties to appear before himself, to be heard on the matters referred. Upon this, the parties

*Fairfield,*
August, 1850.
_____

Crone
*v.*
Daniels.

did appear, and submitted to him their respective claims, and voluntarily awaited his award.    When this award was made, the unsuccessful party, for the first time, objects to the power of the acting auditor, and remonstrates against his report, because he acted alone,    His objection comes too late.    By a voluntary appearance and a submission to one auditor, and after a full hearing and an award by him, all objections must be considered as waived, and every thing to have been done as if by the mutual and express assent of both parties.

It was as competent for these parties to go to a trial and a decision before only one auditor, as it would be to submit to a trial and verdict by eleven jurors, or any number less than a full pannel—a common practice with us.    And it was as competent for the court to accept and act upon the report of this one auditor, as it is to accept the verdict of a less number than twelve jurors, and render a judgment upon it.

There is nothing erroneous in the judgment of the superior court.

In this opinion the other Judges concurred.

Judgment affirmed.