## Sherman S. Barnard and Another v. The Lapeer and Port Huron Plank Road Company.

One partner can not bind his co-partner by any contract not within the immediate scope of the partnership, unless with such co-partner's knowledge and assent.

Such knowledge and assent must be established by evidence affirmatively showing it, or from which it may be clearly inferred.

That a plank road will be of incidental benefit to a copartnership engaged in the lumber business, will not authorize one partner, without the assent of the other, to bind the firm by a subscription to the stock of a corporation organized for constructing such road.

Where one partner has subscribed in the name of the firm to stock in a corporation, without the assent of the co-partner, the latter does not recognize his relation as stockholder in the corporation, and become liable to pay the subscription, by failing to express his dissent when demand of payment is made of the firm.

*Heard January 8th.    Decided January 14th.*

Error to St. Clair Circuit.

This was an action of assumpsit, brought by the defendants in error upon a subscription for stock, signed by Coe, in the name of the firm of Coe & Barnard. The general heading of the subscription was in these words:

"Each of the undersigned agree to become a member of said Company, to pay in his stock as hereinunder taken, in such assessments as shall be made by the directors to be chosen, and to be bound and abide by the rules and regulations of said Company, under the law creating the same, and the General Plank Road Law, and the amendments thereto."

The defendant Coe subscribed to this three hundred dollars, in the name of the firm.

The summons was served only on Barnard. The declaration set forth the above subscription, with the usual averments of indebtedness and promises; also the common money counts. Plea, by Barnard alone, the general issue.

On the trial, the following admissions were made by the parties, in writing:

"The defendant Barnard admits the proper organization and acts of user by the Company, the plaintiffs; that the

defendant Coe was, at the time of the signing hereinafter mentioned, a partner of the defendant Barnard; that the defendant Coe signed the name of the firm to the books of subscription of stock in said Company; that the assessments were properly made, and demand of payment duly made. The plaintiffs admit that the name of the firm of Coe & Barnard was placed upon the subscription list of plaintiffs by the defendant Coe, and not by Barnard; they being partners in the lumbering business, owning lands in the county of St. Clair as such partners, and manufacturing lumber therefrom — their copartnership being limited to the general lumbering business, and the purchase and ownership of lands connected with that business. And further, that the question submitted to the court will be whether the defendant Coe could bind the defendant Barnard in this behalf, by signing the name of the firm, as set forth in the plaintiffs' declaration."

The plaintiffs then, under objection, proved by John Johnson, whose testimony was objected to as improper and irrelevant, that he knew the parties, and was acquainted with the lumbering business and lumbering region about the lower branch of Mill Creek, in town 8 north, range 14 east; that from that region logs are taken through Mill Creek to Port Huron; the road of the plaintiffs extends from Port Huron to Brockway, in town 8 north, range 14 east; that a road from Port Huron was, in his opinion, very necessary for carrying on the lumbering business in that region. Ordinarily, persons lumbering there would carry their supplies of provisions, &c., over a road from Port Huron; they are now usually taken over the plank road, and thence into the woods. Supplies can be taken in over the plank road cheaper than they could be over the old road. The plank road touches convenient points on the streams in which logs are floated, for supplying materials, provisions, &c., and these can be transported over the plank road, witness thinks, for one-half the expense required for such transportation over the road formerly used.

It was admitted in the course of the trial, but under the same objection as to relevancy and propriety, that the defendants were the owners of pine lands in town 8 north, ranges 13 and 14 east, adjacent to the termination of the plank road,—the defendant claiming that the fact of such ownership had nothing to do with the question submitted, and that the parties could not go beyond the case made by their stipulation.

The circuit judge held that the testimony was proper and admissible, and that the defendant Barnard was liable, as a partner, upon the subscription for plank road stock by his co-partner, Coe, and that his express assent was not necessary thereto; and thereupon judgment was rendered in favor of the plaintiffs for the amount of the subscription, against both the defendants.

The case was brought up for review on bill of exceptions.

*Mitchell & McAlpine*, for plaintiffs in error, were stopped by the Court.

*Conger & Harris*, for defendants in error:

The object and result of taking stock in the Plank Road Company, was to provide a more convenient and expeditious way of getting to the lumber woods, and carrying on lumbering operations. The advantages of the road resulted to the firm of Coe & Barnard, in common with others. We claim, therefore, that the building of a road was incident and appropriate to, and connected with, the partnership business, and that Barnard is liable as a partner with Coe for these reasons, and also because the firm had the use and benefit of the road, with knowledge of the joint obligation.

The partnership name, affixed by one member of the firm, is *prima facie* evidence of indebtedness by the firm — the plaintiff not being obliged, in the first instance, to show that

it was affixed in a partnership transaction.—11 *Johns.* 544; 6 *Wend.* 615; 16 *Maine*, 419; 17 *Ibid.* 180.

Where it becomes necessary to prove the assent of the other partner, an express assent need not be proved, but it may be implied from the facts and circumstances of the case (*Jones v. Booth,* 10 *Vt.* 268); as from the other partner not declaring his dissent within a reasonable time after the transaction comes to his knowledge.—*Foster v. Andrews,* 2 *Pen. & W.* 160. In this case, it is admitted that demands for payment were duly made; then, of course, Barnard had the proper notice, and it does not appear that he ever dissented from this act of Coe. Not having dissented, he is bound by this act of his partner.

*Mitchell:*

The principle that the partnership name, affixed by one member of the firm, is *prima facie* evidence of indebtedness by the firm, does not apply where the obligation itself appears on its face not to be within the scope of the partnership business.

MARTIN Ch. J.:

Barnard & Coe are admitted to have been "partners in the lumbering business, owning lands in St. Clair county as such partners, and manufacturing lumber therefrom." While such partners, Coe subscribed the name of the firm to the articles of association of the Plank Road Company, but without Barnard's knowledge or consent. This subscription, it is claimed, made Barnard a stockholder in the Company.

No rule is better settled than that one partner can not bind his co-partner by any contract not within the immediate scope of the partnership, unless with such co-partner's knowledge and consent. Each partner is an agent for all the members of the firm, in the transaction of all business of such firm; but as to matters foreign to such business, he is regarded as a stranger. The general business of the

firm being that of manufacturing lumber, and the ownership of land as incident thereto, the subscription to stock in a corporation, or to articles of association for the creation of one, was not an incident of such partnership. Incidental benefits would not authorize one partner to bind his fellow, and no authority so to bind him is shown.

And the knowledge and assent required to bind the co-partner must be established by evidence affirmatively showing it, or from which it may be clearly inferred. This is sought to be established from the fact that assessments were made, and their payment demanded of the firm, which were unresponded to; and it is urged that it was Barnard's duty, upon such demands, to repudiate any interest in the Company, and that his silence should be construed into a recognition of his relation as a stockholder. Now, a demand either through the mail, or personal, is sufficient to bind a stockholder, but not to create one. If the person of whom demand is made be not one, it is not his duty to disclaim the character of stockholder; it is enough that he does not respond to such demand. The simple admission that demand was duly made of the firm, is not one of a personal demand of Barnard, nor is it of any thing more than a fact— its effect being a question of law. There is no evidence, nor any admission, in the case, that knowledge of the demand ever came to Barnard; and certainly none that he ever, by any word or act, recognized any connection with the Company.

The liability of Barnard is also sought to be established from the testimony of Johnson. This testimony is objected to, as inadmissible under the case as presented, and for general incompetency.

We do not regard the stipulation as the making of a case, but only as an admission of facts for the purpose of obviating the necessity of producing witnesses to prove them. Any other facts necessary for either party to show, could still be proven.

BARNARD *v.* LAPEER & PORT HURON PLANK ROAD CO.

The testimony was competent as tending to show the interest of the partnership in the road, but falls far short of being sufficient to establish, or of tending to fix, any liability upon Barnard.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.