## Edwin M. Kellogg *vs.* Jairus L. Brown.

Whether, under Art. 10, § 2, of the constitution of the state, which provides that " each town shall annually elect selectmen," a town can lawfully elect a single selectman instead of a board of selectmen :—*Quere.*

Where a town had elected but a single selectman, and he as such acted in the division of a fence between adjoining proprietors, under the statute which confers power.on " the selectmen " of a town so to act, but had acted at the request of both parties, it was held that, whether or not he had the full power of a board of selectmen in the matter, no objection could be taken to his want of such power.

He might be regarded in such a case as a private referee, and it would make no difference that he was assuming to act officially.

A mere appearance of a party before him while acting in the matter, to be heard as to the division of the fence, and to await his award, without taking exception to his want of power to act alone, would be a waiver of the objection.

ACTION on the statute to recover an amount awarded by fence viewers for the expense of making a part of a division fence belonging to the defendant; tried in the superior court, on an issue closed to the court, before *McCurdy, J.* Judgment for plaintiff; motion for new trial by defendant. The case is sufficiently stated in the opinion.

*Graves*, with whom was *Chittenden*, in support of the motion.

*Andrews*, contra.

HINMAN, C. J. The parties to this cause are adjoining proprietors of land, and the case turned upon whether there had been a lawful division of the fence between them, so that, as the declaration alleges, it was the duty of the defendant to keep his portion of it in good and sufficient repair. The counsel for the defendant deny the legality of the division in fact made by Mr. Shove, a selectman of the town of Warren, claiming that although there was but one selectman in the town, the statute requires a division of fences to be made by a board of selectmen, consisting of two or more; and that the constitution, in Art. 10, § 2, also requires the towns annually to elect such a board, and that the act of but one selectman, in cases requiring the joint action of a board, is wholly void. It is obvious however that the parties themselves could divide their fence, or they could refer the matter to any third person to make a division for them, and in case they chose to make their division by such a reference, it would be wholly immaterial whether the referee supposed himself to be acting in an official capacity or as a mere private arbitrator between them. And assuming it to be a question of authority to act officially, and that a single selectman has not the full powers of, and does not properly constitute, a board of selectmen, yet this objection could be waived. It would be but the common case of the parties to a cause consenting to a trial before a less number than twelve jurors. In the case of *Crone* v. *Daniels*, 20 Conn., 331, this court held that where but one of two

auditors appointed by the court acted, the appearance of the parties before such auditor, and the submission to him of their respective claims, and awaiting his award thereon, without objection until the award was returned to court, was a waiver of the objection, and could not be taken advantage of by remonstrance to the report. We have not thought it necessary, therefore, to consider whether a sole selectman could act in a case like this, without the assent of the parties, because we are satisfied from the facts appearing upon the motion that the disqualification of Shove in acting alone was expressly waived in this case. The motion states that the plaintiff offered evidence to prove, and claimed he had proved, that the defendant was present at the hearing before the selectman, Shove, and not only made no objection to the proceeding but in fact requested him to proceed in making the division. And it does not appear that there was any denial of this fact in the superior court, or any conflicting evidence on the subject. There seems therefore to have been an express waiver of the disqualification of Shove, if indeed he was disqualified, as well as the implied waiver arising from his appearance at the trial without taking any exception to the proceeding. The superior court found the division made by Mr. Shove to have been a legal and valid division of the fence, and on that ground rejected evidence offered by the defendant to show that at his instance a subsequent division was made by the fence-viewers of the town. Now as the evidence that the defendant expressly waived any disqualification in Mr. Shove to act in dividing the fence, was not denied or in any way contradicted, it must be assumed that that fact was proved to the satisfaction of the court, and being so proved it was the duty of the court to find as it did, that his division was legal and valid, whatever its opinion might have been upon the legality of the division had there been no such waiver. It is true the motion does not show whether the court acted upon the proof that there was such a waiver, or upon the idea that his act was legal and valid without any such waiver, nor is it material that it should, since, if upon either ground the division was

Kellogg *v.* Brown.

lawfully made, the defendant has no ground of complaint, and a new trial could not benefit him.

We therefore advise the superior court to deny the defendant's motion.

In this opinion the other judges concurred; except Mc-Curdy, J., who having tried the case in the court below did not sit.

Note. The foregoing case illustrates an important distinction not always sufficiently observed. Where a court has no jurisdiction, neither the failure of a party to object to the jurisdiction assumed, nor his express assent, can confer the jurisdiction that is wanting; but where a court, having as a court jurisdiction, is yet irregularly constituted, an appearance before it and an acquiescence in its assumption of power to act, is a waiver of the objection to its regularity. In the one case it is a want of jurisdiction, which can not be waived, or conferred by consent; in the other a want of regularity in the organization of the court, which may be waived. See *Sherwood* v. *Stevenson*, 25 Conn., 432. Where a defendant waives service and voluntarily puts himself within the jurisdiction of the court, it is not a waiver of jurisdiction, but merely a waiver of the service of process, and when he has placed himself within the jurisdiction of the court the court takes jurisdiction over him, not by force of his assent, which has exhausted itself in the matter of the process, but by force of law as in any other case. Jurisdiction is never conferred by consent, it comes from the law. In its literal and in its scientific sense, it means the power to declare the legal right or the law of a case, and this power can come only from the sovereignty. In a qualified sense the term is sometimes applied to the authority of arbitrators, but the fundamental principle of arbitrations is that of principal and agent. Precisely as two men having a controversy can settle it themselves they can appoint agents to settle it for them, and the submission is the authority of these agents precisely like the authority given to any other agents, while the power of revocation is merely the power which a principal always has to revoke his agent's authority before he has done the act that he was appointed to do. But as arbitrations are a recognized mode of settling controversies which would otherwise find their way into the courts, the term "jurisdiction" has come to be applied to them; and there is no objection to this application of the term if it be borne in mind that it is a borrowed term, and is used in a qualified sense.

The same principle which applies to courts with regard to a waiver of objections to their power to act, applies equally to every other tribunal or board acting judicially or semi-judicially.

In the foregoing case if the single selectman had all the powers in relation to the division of fences which the law gives to a board of selectmen, there would be no question as to the legality of his action in the particular case. The court however does not decide whether he had those powers, but holds that if he was the board of selectmen not regularly constituted, then the appearance of the party cited before him, and his submission of his case to him without objection, constituted a waiver of the objection. If however he was not to be so regarded, but as having assumed to act wholly without authority of law, then the appearance of the parties before

him, and their request that he should act, constituted him a private referee, and his decision became an award, binding on them on the same principle by which other awards are binding.

The rules of law on this subject may, it is believed, be reduced to the following systematic statement :—

1. In a case where the court, as such, has jurisdiction, but is irregularly organized : Here the appearance of a party cited before it, and his proceeding to trial, or in any other way acquiescing in the assumption of the power to act, when he had the opportunity to object, is a waiver of the objection, and he can not afterwards take advantage of the irregularity.

2. Where a court, or any person or board assuming to act judicially or semi-judicially, has no jurisdiction over a subject-matter, and a party cited before it submits to the jurisdiction assumed and fails to object, his acquiescence is not a waiver of the objection, since the assent does not confer jurisdiction.

3. Where however, in the case last supposed, the conduct of the party, instead of being merely an acquiescence in an assumed authority, is such as to amount to a request to the court, person or board to act, the latter becomes a private referee, and its award when made is valid.

The case, which not unfrequently occurs, of an agreement of counsel, where a judge is disqualified, that a member of the bar may take his place and sit as a judge of the court, does not fall strictly within this classification. Here the sole authority of the temporary judge is derived from the agreement of the parties, and yet the judgment rendered by him would not be regarded as a mere award but as a judgment of the court, with all the incidents of a legal judgment. In strictness the person acting as judge is a mere referee, but as the parties consented to his acting as a judge of the court, (which may also have embraced a jury,) and intended his acts to be treated as the acts of the court, they would be estopped from denying that he was the legal judge. But for this estoppel he would probably be regarded as a mere arbitrator. The case is not one of jurisdiction conferred by consent, since the court as such is supposed to have had jurisdiction, but belongs to the class of cases where the question is one of the organization of the court merely.                                                        R.