ALBERT L. AVERY AND OTHERS vs. THE TOWN OF GROTON.
THE TOWN OF GROTON vs. ALBERT L. AVERY AND OTHERS.

The provisions of the act, Gen. Statutes, tit. 31, sec. 29, with regard to an assessment by a committee, and a re-assessment by a jury, of damages caused by the laying out of a highway by the Superior Court, are not repealed by chap. 18th, acts of 1868, providing for the appointment of appraisers and a committee of review in certain cases.

The statute provides that the jury appointed to re-assess damages shall consist of six persons. Where a jury of six had been appointed, but one was not

able to attend, and the respondent town agreed to go on with five jurors, it was held—1. That it was a case of defective organization of the tribunal, not of want of jurisdiction. 2. That the defect was one that could be waived, and that the town had waived it.

THE first case is a petition for the laying out of a highway, and the second an application of the respondent town for the appointment of appraisers to assess the benefits and damages resulting from the laying out of the same. The cases were brought to the Superior Court in New London county. The court (*Park*, *J.*,) overruled a remonstrance against the acceptance of the report of a jury appointed to reassess damages in the first case and passed a decree establishing the highway, and reserved the second case for the advice of this court. The town of Groton filed a motion in error in the former case and brought it before this court. The facts are sufficiently stated in the opinion.

*Willey*, for the town of Groton.

*Lippitt* and *Halsey*, for Avery and others.

CARPENTER, J. The plaintiffs in the first case petitioned for a highway in the town of Groton. A committee was appointed, and such proceedings were had that the highway was laid out, and damages were thereupon assessed to individuals by the committee. Albert L. Avery, a land owner, applied for a jury to re-assess damages. A jury was duly summoned; but one of them being ill, the parties agreed, in writing, that damages might be assessed by the five jurors remaining. That agreement was signed in behalf of the town by one of the selectmen and by the attorneys for the town.

The defendants remonstrated against the acceptance of the report of the doings of the jury; but the remonstrance was overruled, the report was accepted, and judgment rendered thereon.

Two claims are made under the motion in error: 1. That the statute authorizing the committee, in cases of this char-

VOL. XXXVI.—39

acter, to assess damages, was repealed by chap. XVIII of the acts of 1868, and consequently, that the proceeding, so far as it related to the assessment of damages, was void.    2. That if otherwise legal, it was not competent for the parties to waive the absence of a juror, and that a jury of less than six had no jurisdiction, and no authority to assess damages.

1.   It is not pretended that the act of 1868 in express terms repeals the 29th section of the act relating to highways or any part thereof.   The language of the repealing section is, " All acts and parts of acts inconsistent herewith are hereby repealed."   The question then is narrowed to this; is the act of 1868 inconsistent with the prior statute regulating the laying out of highways by the Superior Court ?   It must be remembered that the question before us is not, what ought the statute to be ?  but, what is it ?  not, what would be fit and proper for the legislature to do ?  but, what has it done ?   By a reference to the statute it will be seen that there are two modes of laying out highways, one by the selectmen of the town, and one by the Superior Court.   The first is provided for in the 23d to the 26th sections of the statute inclusive ; the second in the 29th to the 34th sections inclusive.   In the former the selectmen are required to agree with the owners of the land upon the damages occasioned thereby if practicable ; if not, they may apply to a justice of the peace to have appraisers appointed to estimate the damages ; after which the land owner, if aggrieved, may apply to the Superior Court for a jury.   In the latter damages are assessed in the first instance by the committee appointed by the Superior Court to lay out the road, and no action whatever is required of the selectmen.   In this condition of the law the act of 1867, (Acts 1867, p. 102,) was passed.   That act authorized the selectmen of towns, and the proper officers of any city or borough, to estimate or cause to be estimated benefits as well as damages.   The act of 1868 simply changes the mode of estimating damages and benefits in cases where the selectmen and parties interested fail to agree.   Both acts are limited by the language used to cases where the selectmen agree with the parties interested upon the subject of

damages and benefits, or take the initiative in causing them to be estimated; and such action by the selectmen is limited, by previously existing statutes, to highways laid out by the selectmen. It follows therefore that the acts of 1867 and 1868 have no application to highways laid out by the Superior Court; for in such cases, as we have seen, the damages are assessed by an entirely different tribunal, without the intervention of the selectmen.

It is possible that the legislature intended that benefits should be assessed in all cases; and it may be difficult to assign any good reason why it should not be so. And we might, perhaps, by a liberal interpretation of the language used, have given effect to such supposed intention, had it not been for further and other provisions of the statute relating to the laying out of highways by the Superior Court. The court is required by the 34th section to direct when the highway shall be opened, *and when the damages assessed shall be paid.* Besides, this is the power which every court must of necessity possess of enforcing its decrees. The construction contended for would require a suspension of proceedings in the Superior Court until the selectmen should initiate and carry forward proceedings, it may be through a long course of litigation, for estimating damages and benefits; and such proceedings might, perhaps, be indefinitely delayed by a refusal of the selectmen to take any action. The necessary delay in such cases would result in great inconvenience and expense to the parties; while it is quite possible that the selectmen, opposed, as they very likely would be, to the proceeding, would be willing to prevent as long as possible the opening of the highway. No such apprehensions need exist in respect to highways laid out by themselves.

Consequences like these could not have been contemplated, much less intended, by the legislature. We are therefore led to the conclusion that further legislation is required to authorize the assessment of benefits in cases of highways laid out by the Superior Court.

2. In support of the defendants' claim that the estimate of damages by a jury was void, for the reason that it was

made by five, instead of six jurors, several cases are cited, all of which, with one exception, relate to the acquisition of title to land by the levy of an execution. The authority of those cases, so far as they relate to the effect of a waiver, is somewhat shaken by the case of *Groton and Ledyard* v. *Hurlburt*, 22 Conn., 178. In that case the court strongly intimate that, even in such cases, where the objection is of a personal nature, and the party had waived it and taken his chances, the court would not permit him afterwards to take advantage of it. But we have no occasion to overrule those cases. The principle upon which they rest, admitting it to be sound, is a little harsh, and we have no disposition to extend it to cases not precisely analogous

This case differs materially from the cases referred to. The latter relate to the execution of a statute which transfers the title to real estate from one individual to another in payment of a debt. As this statute is in derogation of the common law the court held that it must be strictly complied with. The present case arises from the exercise of the right of *eminent domain,* a right existing at common law, although the manner in which it shall be exercised is prescribed by statute. We do not think that the same rigid rules ought to be applied to statutory regulations for the exercise of a pre-existing common law right, as are sometimes applied to similar regulations for the exercise of a right created by statute, and in derogation of the common law. But again ; in all the cases cited the party whose land was taken, or those claiming under him, made the objection ; while in this case the reverse is true. The party whose land has been taken is insisting upon the legality of the proceedings, while the party in whose behalf it is taken, the public, represented by the town, makes the objection.

The cases cited therefore are not exactly in point ; but this case more nearly resembles an ordinary action at law tried by a jury. In such cases the parties frequently consent to go to trial before a jury of less than twelve ; but no case has been referred to where a party, after such consent, has been able successfully to resist and set aside the verdict on this

ground.   The case of *Cancemi* v. *The People*, 18 N. York,
136, was a capital case, and the reasoning of the court shows
that the principle upon which it was decided has no applica-
tion to a civil cause.   In the case of *Quinebaug Bank* v.
*Leavens*, 20 Conn., 87, the defendant was held to have waived
the disqualification of a juror by neglecting to resort to the
usual and ordinary means for ascertaining the qualifications
of the jury.

The other case cited by the defendants, *Nichols* v. *City of
Bridgeport*, 23 Conn., 189, involved the legality of an assess-
ment of benefits resulting to the plaintiff from an extension
of a street in the city of Bridgeport.   The assessment was
made by a committee appointed by the court of common
council.   It did not appear that the committee were free-
holders of the city as required by the charter.   From the
assessment made by the committee the plaintiff appealed to
a judge of the Superior Court.   One question in the case
was, whether the appeal, and the subsequent proceedings
thereon, constituted a waiver.   The court held that they did
not; that the fact that the persons to be appointed appraisers
were to be freeholders of the city was a jurisdictional fact,
which could only be shown by the appointment itself or the
record of it.   It was therefore a question of jurisdiction.   As
the tribunal which assumed to act judicially, or semi-judi-
cially, had no jurisdiction over the subject matter, neither
the appearance of the party before it without objection, nor
his apparent acquiescence in the jurisdiction assumed, was a
waiver of the objection ; for the reason that in no case will
the consent of the parties confer jurisdiction.   But the ques-
tion now under consideration is not one of jurisdiction, but
of the organization of the court.   It is not denied that the
jurors were duly qualified, and that as a jury they had juris-
diction over the subject matter.   The organization was de-
fective and irregular, inasmuch as it consisted of five jurors
only, while the statute required six.   This irregularity was
expressly waived by the parties, and they are now estopped
from denying the legality of the proceeding.   *Crone* v. *Daniels*,
20 Conn., 331 ; *Kellogg* v. *Brown*, 32 Conn., 108, and note
on page 111.

There is no error in the judgment of the Superior Court; and that court is advised to deny the application of the town of Groton for the appointment of a committee to assess damages and benefits.

In this opinion the other judges concurred; except PARK, J., who having tried one of the cases in the court below did not sit.