[No. 3,349.]

JOHN KEYS *v.* GEORGE F. WARNER ET AL.

STIPULATION FOR ENTERING JUDGMENT.—A stipulation of the parties that the plaintiff take judgment for a sum named and costs, but that execution be staid until the decision of a certain other case pending in another Court, and that if said other case is decided for the defendant for a certain reason, the judgment be set aside, otherwise an execution to issue, authorizes a judgment absolute in terms to be entered for the plaintiff, which will not be set aside if such other case is decided for the defendant, unless it is so decided for the reason given.

SETTING ASIDE SUBMISSION OF ORDER.—After a motion for an order has been argued and submitted, the Court may, at its discretion, set aside the order of submission and allow more evidence to be introduced.

WAIVER OF ERROR.—If an erroneous order is made setting aside the submission of a motion and authorizing new evidence to be introduced, the party against whom the error is committed waives the same by availing himself of the permission to introduce new evidence.

STIPULATION OF ATTORNEYS.—The Court cannot alter or vary the terms of a written stipulation made by attorneys, or relieve them from its obvious consequences.

APPEAL from the District Court of the Seventh Judicial District, County of Marin.

This suit was brought July 27th, 1870, to recover damages for an alleged trespass in entering the plaintiff's close and digging up his land. The defendants in their answer allege that the acts complained of were done by them as officers of the county in proceeding by lawful authority to lay out and establish a public highway. Upon the issue thus joined the following stipulation was signed by the attorneys: "It

is stipulated that plaintiff take judgment for one hundred dollars and costs; that execution be staid until final decision of a certiorari case of ——— v. *Supervisors of Marin County*, and if such certiorari is finally decided for defendant upon the ground that the highway mentioned therein is established, then this judgment is to be set aside, otherwise an execution is to go." Judgment was entered accordingly. The case referred to—*Keys* v. *The Board of Supervisors of Marin County*, 42 Cal. 252—was an appeal from the judgment of the District Court rendered upon the return to a writ of certiorari, issued by the Judge of that Court upon the petition of Keys, and vacating certain proceedings of the Board by which it had located and established a public road commencing near the Town of Tomales. At the October Term, 1871, the judgment of the District Court was reversed, and the cause remanded, with directions to dismiss the writ, mainly on the ground that the writ was barred by the lapse of time—more than two years having intervened between the entry of the final order laying out the road and the allowance of the writ. In November, 1871, the defendants moved the District Court to set aside the judgment in *Keys* v. *Warner et al.*, on the ground that by the stipulation, the defendants were entitled to judgment. Notice of said motion was given, and the same was submitted on the 29th day of November, 1871, on the pleadings, the stipulation, and the judgment. On the seventh day of December following the attorney for the plaintiff presented an affidavit that it was his understanding on making the stipulation that the judgment should stand, unless the Supreme Court should decide the case referred to upon the ground that the proceedings as to the highway were valid, and upon no other ground. The Court ordered that the submission of the motion be set aside, that the affidavit offered be filed, and that the attorney for the defendants be allowed to file an affidavit. In compliance with the order the attor-

ney for the defendants filed an affidavit stating that it was not his understanding that the judgment of the Supreme Court should be restricted to deciding upon the validity of the proceedings of the Board as to the highway. The Court then denied the motion to set aside the judgment, and the defendants appealed.

*E. B. Mahon,* for Appellants.

*J. McM. Shafter,* for Respondent.

By the COURT:

The judgment of the Court below purports to have been rendered in pursuance of the stipulation of the attorneys of the respective parties, and there can be no just pretense that the stipulation did not fully authorize the judgment entered.

Nor do we think the Court erred in vacating the order submitting the motion to set aside the judgment and allowing further affidavits to be filed. After a cause has been submitted to a Court for a judgment, it lies very much within its discretion whether the case may be reopened for the mere purpose of hearing further testimony. But, if there were error in vacating the order submitting the motion, that error was waived by the defendants when they availed themselves of the permission given to file an affidavit in their own behalf. There being no error in receiving the affidavits, there could, of course, be none in afterwards considering them.

By the terms of the stipulation the judgment was to be set aside in case a certain certiorari case, then pending in this Court against the Supervisors of Marin County, should be finally decided for the defendant, " upon the ground that the highway mentioned therein is established." The record shows that the certiorari case referred to was decided for the

defendant and the writ dismissed, but not upon the ground or for the reason named in the stipulation.

The parties having made their own stipulation, we cannot alter it or change its terms, or relieve the defendants from its obvious consequences.

Judgment and order affirmed.