HARRIET A. COLEMAN *vs.* CHARLES C. COLEMAN.

RULE TO SHOW CAUSE.

JANUARY TERM, 1885.

JUDD, C. J. ; MCCULLY AND AUSTIN, JJ.

An appeal from a decree of separation was not perfected within the
time prescribed by Rule of Court, but counsel for appellee waived
objections, and the case was heard on appeal, resulting in a re-
versal of the decree.

Held, distinguishing Paakuku vs. Komoikehuehu, 3 Hawn., 642, coun-
sel had the right to make the waiver; it affected the jurisdiction
of the Court as to the persons, not as to the subject matter.

OPINION OF THE COURT, BY CHIEF JUSTICE JUDD.

THE Chief Justice made a decree in this case in favor of peti-
tioner on the 12th September, 1884.    The respondent noted an
appeal to the Court in Banco.    A bond for costs was duly filed
within the ten days required by rule of Court, but accrued costs
were not paid until the next day after the ten days had expired.

At the October term—October 15th—a motion was made by re-
spondent's counsel to place the cause upon the calendar.    The
motion was resisted on the ground that the appeal was not prop-
erly perfected.

Pending a decision, petitioner's counsel appeared before the

Court in Banco on October 31st, and withdrew their objection to the allowance of the appeal, and the case was presented and argued before the Court on its merits.

On January 12, 1885, a majority of the Court rendered a decision reversing the decree of the Chief Justice. *Ante,* page 260.

On motion by petitioner's counsel, filed January 20th, the Court ordered that a rule issue returnable before the full Court on the 30th January, 1885, ordering the respondent " to show cause why the decree of the Chief Justice of the 12th September, 1884, should not stand as a final judgment and decree herein, on the ground that, as appears by the records and papers on file, no appeal was taken and perfected as required by law."

From the testimony offered it seems clear that the withdrawing by counsel of objections to the appeal was not without the consent of the petitioner.

A. S. Hartwell and W. R. Castle, for petitioner, urge that the Court in banco has not obtained jurisdiction of the cause. The absence of a matter necessary to give the Court jurisdiction cannot be waived. The rule requiring costs to be paid within ten days as one of the steps necessary to an appeal has the force of law. Failure in this respect renders the appeal nugatory, and no agreement can make it valid. Parties cannot waive requirements which are for the benefit of the State. This case is to be distinguished from those in which the waiver affects irregularities pertaining to the jurisdiction over the person only, the Court already having jurisdiction of the cause and subject matter, and this matter in question affects the cause and subject matter and cannot be waived.

*Paakuku vs. Komoikehuehu,* 3 Hawn., 642 ; *Re Oopa,* 3 Hawn., 407 ; *Rex vs. Cullen,* 3 Hawn., 122 ; *Est. of Keliiahonui,* July Term, 1866 ; *Paona vs. Heanu,* 3 Hawn., 591 ; *Tisdale vs. Bark Almy,* 4 Hawn., 503 ; *Est. of Kailikauoa,* 3 Hawn., 459 ; *Kauhi vs. Liaikulani,* 3 Hawn., 356 ; 38 Cal. 286 ; 4 Cush., 270 ; 133 Mass., 465 ; 6 Cush., 19 ; 119 Mass., 295 ; 5 Cush., 615 ; 17 Pick, 295 ; 21 Conn., 530 ; 22 Pick, 295 ; 23 Conn., 175 ; 10 Cal., 81 ; 24 Cal., 98.

C. W. Ashford, for respondent—The failure to pay costs was a mere irregularity and may be waived. It is considered to be

waived if the party having a right to complain of it takes any subsequent step inconsistent with an intent on his part to take advantage of it. Consent cures error.

*Hansen vs. Hoitt,* 14 N. H., 56; *Holmes vs. Rogers,* 13 Cal., 191; *Keyes vs. Warner,* 45 Cal., 60.

The Court has jurisdiction of the subject matter—*i. e.,* authority to take cognizance of, try and determine cases for separation from the marriage relation. Cooley Const. Lim., p. 397. The Court may gain jurisdiction of the parties by their consent or by their appearance without taking objection; id., 400; *Crane vs. Daniells,* 20 Conn. 331; also 29 Conn., 415; 32 Conn., 108; 32 Conn., 147; 6 Mich., 279; 41 Mich., 227; 26 N. H., 232; *Washington Bridge Company vs. Stewart,* 9 Howard, 413; 39 Mich. 123; 22 Mich., 78; 30 Me., 552.

## BY THE COURT:

Upon a careful review of the authorities cited by both sides, we are of the opinion that the rule should be discharged.

The Court in banco has jurisdiction to hear and determine, on appeal, causes for separation from bed and board. Vide Sections 1336 and 859 of the Civil Code.

"A Court has jurisdiction of any subject matter, if, by the law of its organization, it has authority to take cognizance of, try and determine cases of that description. If it assumes to act in a case over which the law does not give it authority, the proceeding and judgment will be altogether void, and rights of property cannot be divested by it. And on this point there is an important maxim of the law, that consent will not confer jurisdiction, by which is meant that the consent of parties cannot empower a Court to act upon subjects which are not submitted to its judgment by the law." Cooley's Constitutional Limitations, p. 398. A jurisdictional defect of this character can be made available at any stage of the case, as the defect is fundamental, being a total want of power to act at all. A familiar illustration would be a District Court assuming to try a libel for divorce, or an indictment for murder.

In the case we are considering the Court had jurisdiction of the parties; they appeared and submitted their case on its merits to the final adjudication of the Court. Says Cooley id., p. 409: "It is a general rule that irregularities in the course of judicial proceed-

ings do not render them void. An irregularity may be defined as the failure to observe that particular course of proceeding which, conformably with the practice of the Court, ought to have been observed in the case." The learned author says further that even in the same proceeding an irregularity may be waived, and will commonly be held to be waived if the party entitled to complain of it shall take any subsequent step in the cause inconsistent with an intent on his part to take advantage of it.

This doctrine seems to be abundantly sustained by authority. In the case of the *Washington Bridge Company vs. Stewart,* 3 Howard, U. S., 413, the Supreme Court of the United States held that though this Court had jurisdiction only, on appeal, from *final* decrees of the Circuit Court, yet if this Court actually entertains jurisdiction and affirms the decree of a Circuit Court, etc., the question whether the decree appealed from was final cannot be raised on a second appeal. The Court say : "To permit afterwards upon an appeal from proceedings on its mandate, a suggestion of the want of jurisdiction of this Court upon the first appeal, as a sufficient cause for re-examining the judgment then given, would certainly be a novelty in the practice of a Court of equity."

In *Post vs. Williams,* 33 Conn., 147, the defect was that commissioners to settle boundaries had not taken a special statutory oath. The Court say : "There are certainly numerous decisions in our reports that the positive requirements of statutes in certain cases must be exactly complied with. But there are quite as many, especial.y of late years, to the effect that although an error may be of a fatal nature, yet the right to take advantage of it may be lost by laches or waiver creating an estoppel." "So far as there is a conflict, those decisions are most consistent with sense and justice which prevent a party from going to trial on the merits and accepting the result if favorable, but if otherwise, taking advantage of a technical difficulty which he knew of or should have known from the beginning." "The general rule is that when the Court has jurisdiction of the parties and the cause, and there has been in the course of the proceedings an irregularity which might be fatal, as the omission to do some act required by law or the doing it improperly, the objection may be waived or a party may be estopped from raising it."

It is not necessary to discuss the question of estoppel or waiver by implication, for in the case at bar there was an express waiver of the irregularity in open Court, and we are freed from difficulty in deciding whether the party having the right to complain may waive the defect or irregularity by Sec. 7 of the Civil Code, which enacts that "private agreements shall have no effect to contravene any law which concerns public order or morals. But individuals may, in all cases in which it is not expressly or implicitly prohibited, renounce what the law has established in their favor, when such renunciation does not affect the rights of others and is not contrary to the public good."

This Court has been uniformly strict in its rulings upon all matters concerning appeals, compelling parties to comply literally with the requirements of the statutes and rules of Court, but in only one case has it held that counsel have not the authority to waive objections to non-compliance with these rules. This is the case of *Paakuku vs. Komoikehuehu,* 3 Hawn., 642, decided in 1875. This case has had our careful attention. It was rendered by a divided Court and much stress is laid by the majority of the Court that the written waiver (which was of the fact that the appeal was perfected only on the thirteenth day after the decision) was made by counsel without the consent of his client. It seems that the case was argued and submitted to the full Court on its merits, but petitioner's counsel says at the end of his brief : "The plaintiff's counsel allowed the defendant's counsel, as far as he is concerned, to perfect his appeal after the time. He says nothing on that point. It is for the Court alone to reopen the decree or not." There is nothing in the papers on file to show that the plaintiff personally objected to the course taken by her counsel, and the Court, inspecting its record, on its own motion declined jurisdiction on the ground that the appeal had not been perfected in time. We think the majority of the Court erred in holding that such an irregularity could not be waived by counsel, and so far as the decision has established this as law, we feel obliged to overrule it. The Court undoubtedly considered that the defect affected the jurisdiction of the Court over the subject matter, and the views now presented, that it affected the jurisdiction over the persons only, were not clearly elaborated by counsel.

The case at bar can be distinguished from *Paakuku vs. Komoi kehuehu,* inasmuch as no suggestion was made of the want of jurisdiction to try the case on appeal, by reason of the appeal not being properly perfected, while the case was pending, whereas in the former case, *Paakuku vs. Komoikehuehu,* the point was suggested in plaintiff's brief.

We are of opinion that the waiver cures the defect, and accordingly discharge the rule.

The decree of the full Court must stand.

*A. S. Hartwell,* for petitioner.

*C. W. Ashford,* for respondent.

Honolulu, March 19, 1885.