*Hitchcock & Wise* for plaintiff.

*G. F. Little* for defendant.

---

## JONATHAN SPOONER *v.* JULIA S. RICE and W. B. RICE.

ERROR TO THE CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MAY 9, 1898.          DECIDED MAY 31, 1898.

JUDD, C.J., FREAR AND WHITING, JJ.

A brought a bill of exceptions to the Supreme Court; B moved to dismiss it for failure to deposit cash or file a bond for costs; the parties then compromised by stipulating that under the bill the court should consider only whether the findings of fact below were sufficient in law, those findings being accepted as conclusive on both parties; the court found the findings of fact sufficient in law and overruled

the exceptions; A then brought error to raise the question whether the findings of fact were sustained by the evidence. Held, on plea in bar, that all questions raised by the bill of exceptions were *res judicatae* and that those then taken from the court by stipulation could not be afterwards raised on error.

The law has been settled here that a party may waive the statutory requirement as to costs, so as to give the appellate court jurisdiction, when the statute has not been complied with.

### OPINION OF THE COURT BY FREAR, J.

The object of this writ of error is to bring before this Court for adjudication a question raised by the bill of exceptions but not considered by the Court in *Julia S. Rice and W. B. Rice v. J. Spooner, ante,* p. 330, namely, whether the findings of fact of the trial judge were sustained by the evidence. In that case the Court did not consider that question because, as stated in the decision, the parties had agreed to accept those findings as conclusive and had submitted the case on the question whether those findings were sufficient in law to sustain the judgment below. The question now raised by defendants in error's plea in bar is whether the agreement and decision in that case on exceptions are a bar to the present case on error.

The agreement or stipulation was made under the following circumstances: The plaintiff in error (defendant below) brought the bill of exceptions to this court. The defendants in error (plaintiffs below) moved that the bill be dismissed because of the failure of the then defendant to deposit cash or file a bond for costs to accrue and a bond against disposing of his property. Thereupon what appears to have been a compromise was effected and the parties filed the stipulation in question, as follows:

"It is hereby agreed that under the bill of exceptions herein one exception alone shall be considered, to wit, whether the evidence and facts as found by the court in its decision show a forfeiture by plaintiff of the estate created by the deed from defendant to plaintiff under the condition therein contained; both parties hereby waived any record or transcript of the

evidence and plaintiff withdrawing her motion to dismiss for want of jurisdiction. The findings of fact in the judge's decision being accepted as conclusive on both parties."

Plaintiff in error contends that the clause at the end of the stipulation, namely, "The findings of fact in the judge's decision being accepted as conclusive on both parties" is shown by the first clause to have been intended to be effective "under the bill of exceptions" only, and that neither party had in mind a writ of error. It is very likely that neither party had in mind a writ of error, and yet each party evidently intended to make a concession and did not intend merely to get the opinion of the court on some of the questions on exceptions and leave it open to bring up the rest on error. A settlement of all questions raised by the bill was in view and not merely the method by which the settlement should be obtained. The agreement was substantially for the disposition of the whole bill of exceptions upon consideration of some of the questions raised thereby, and the court upon consideration of those questions overruled "the exceptions," that is, all the exceptions. All the questions raised by the bill must now be considered *res judicatae.* A decision by consent is as binding as one in the usual mode.

Plaintiff in error suggests also that the grounds upon which the motion to dismiss the bill was based were such as went to the jurisdiction of the court over the subject matter and could not be waived. This suggestion is made as bearing upon the construction of the stipulation and not for the purpose of avoiding its binding effect. Courts elsewhere differ as to whether the statutory requirements relating to appeals may be waived. Whichever may be the better opinion on principle, it must be regarded as settled in this jurisdiction that such requirements of the kind now in question may be waived. *Coleman v. Coleman,* 5 Haw. 300.

The plea in bar is sustained and the writ dismissed.

*Humphreys & Gear* for plaintiff in error.

*Kinney & Ballou* for defendants in error.