N. SANTINI & CO., PLAINTIFFS AND APPELLANTS, *v.* POLANCO, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Humacao in an Action of Debt.

No. 2922.—Decided May 24, 1923.

APPEAL—TRANSCRIPT OF RECORD.—In order that the appellate court may determine whether or not the order appealed from is correct, the appellant should

include in the transcript of the record the evidence on which the district court based its decision; otherwise, unless the order is manifestly erroneous on its face, the appeal should be dismissed.

The facts are stated in the opinion.

*Mr. J. Vendrell* for the appellants.

*Mr. J. Puig Morales* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In this action brought by N. Santini & Co. against Nicolás Polanco judgment was rendered against the defendant for a certain sum of money and the marshal was ordered to satisfy it out of the amount of a certain judgment that the defendant had recovered in an action against the Barons Goffinet. The judgment was rendered on November 21, 1921, based on a stipulation of the parties which reads in part as follows:

"II.—That the parties appearing now by their respective undersigned attorneys, for the purpose of making an amicable settlement and terminating this · suit, have agreed to submit the matter to the court to the effect that they consent to a judgment against the defendant for the sum of $4,020.57 as principal, $683.40 as interest from May 31, 1920, to October 31, 1921, and $100 for attorney's fees.

"III.—The parties have also agreed that the said sums for principal, interest and attorney's fees shall be satisfied out of the amount of the judgment recovered by defendant Nicolás Polanco y Santiago in an action against the Barons Goffinet, under which judgment execution has been issued."

On January 4, 1922, the plaintiffs, alleging that more than a month had elapsed without execution of the judgment in the manner therein expressed, moved the court for a writ of execution against other property of the defendant. The court sustained the motion, but thereafter, or on January 20, 1922, after having heard the parties, reconsidered its ruling and held that the plaintiffs were bound by the

stipulation to await the execution of the judgment in the case of Polanco against Goffinet.

The district court said:

"Any matter involving the individual rights of the parties to an action may be the object of a stipulation between them and they may stipulate with regard to the judgment and its execution. A stipulation has the force of a contract, not only between the parties but also between the parties and the court, and we are of the opinion in the instant case that by the stipulation on which the judgment was based the plaintiffs are estopped from executing it until the marshal executes the judgment in the other case. See Keys v. Warner, 45 Cal. 60; 36 Cyc. 1279, 1298, and 25 R. C. L. 1095–1108."

Some months thereafter, or on September 6, 1922, the plaintiffs renewed their previous motion, alleging that in another action brought by Goffinet against Polanco and in the matter of an attachment the marshal was ordered not to execute the judgment recovered by Polanco against Goffinet, out of the amount of which the judgment of N. Santini & Co. was to be paid, and the court, on November 4, 1923, held as follows:

"The plaintiffs having bound themselves by the stipulation to wait until the judgment in the case of Polanco v. Goffinet et al. was executed by the marshal in order to satisfy out of its amount the judgment in the present case, which was rendered on that basis, and it not having been shown that the legal status created by the judgment has changed, and on the grounds of· the decision of this court of January 20, 1922, the court overrules the motion of the plaintiff for the execution of the judgment of November 21, 1921, without costs."

From this last ruling the present appeal was taken. The first order, or that of January 20, 1922, was consented to and in the second one, as we have seen, the court held that it had not been shown "that the legal status created by the judgment has changed."

The transcript does not contain the order said to have

been made in the case of Goffinet against Polanco and for that reason we are not in a position to say whether or not the said order was sufficient to change the legal status created by the stipulation of the parties, the judgment of November 21, 1921, and the order of January 20, 1922.

The presumption that the order appealed from is just and correct has not been destroyed; therefore, the appeal must be dismissed.

*Affirmed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.