N. Santini & Co., Demandante y Apelante, *v.* Polanco, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

No. 2922.—Resuelto en mayo 24, 1923.

Apelación—Transcripción.—Para que la Corte de apelación pueda decidir si la resolución apelada es o no justa, la parte apelante debe incluir en la trans-

cripción las pruebas en que se basó la corte de distrito para dictarla; y si no lo hiciere y la resolución en sí misma no fuere manifiestamente ilegal, debe desestimarse el recurso.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. Vendrell.*

Abogado del apelado: *Sr. J. Puig Morales.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

En este pleito, seguido por N. Santini y Co. contra Nicolás Polanco, se dictó sentencia condenando al demandado a pagar al demandante cierta suma de dinero, ordenándose al márshal que la satisfaciera del importe de cierta sentencia que el demandado había obtenido a su favor en un pleito seguido contra los Barones Goffinet. La sentencia se dictó el 21 de noviembre de 1921, basándose en una estipulación de las partes que, en lo pertinente, dice:

"II. Que las partes aquí comparecientes, por medio de sus abogados que suscriben, con el fin de llegar a un arreglo amistoso y evitar la continuación de este pleito, han convenido en someter la cuestión a la consideración del tribunal en el sentido de que se dicte sentencia condenando al demandado a pagar a la demandante la suma de cuatro mil veinte .dollars con cincuenta y siete centavos de principal, seiscientos ochenta y tres dollars con cuarenta centavos por el concepto de intereses desde el 31 de mayo de 1920 hasta el 31 de octubre del corriente año y cien dollars para el pago de honorarios de abogado.

"III. Asimismo han convenido que las sumas antes mencionadas por el concepto de principal, intereses y honorarios de abogado sean satisfechas del importe de la sentencia obtenida por el demandado Nicolás Polanco y Santiago a su favor en el caso seguido contra los Barones Goffinet y la cual sentencia se halla en trámites de ejecución."

El 4 de enero de 1922 la sociedad demandante fundándose en que había transcurrido más de un mes sin que se hiciera efectiva la sentencia en la forma en la misma expresada, solicitó de la corte que ordenara su ejecución en otros bienes

del demandado. "Como se pide" acordó la corte pero luego, el 20 de enero de 1922, después de oir a las partes, reconsideró su resolución y sostuvo que la demandante había quedado obligada por la estipulación a esperar a que la sentencia en el caso de Polanco contra Goffinet se ejecutara.

"Cualquier materia," dijo la corte de distrito, "que envuelva los derechos individuales de las partes en un pleito puede ser objeto de estipulación entre las mismas, pudiendo estipularse con respecto a la sentencia y su efectividad. Una estipulación tiene la fuerza de un contrato, no sólo entre las partes si no también entre ellas y la corte, y entendemos en el presente caso que la demandante, por su estipulación base de la sentencia, quedó impedida de ejecutarla hasta tanto el márshal hiciera efectiva la dictada en el otro pleito. Véase *Keys* v. *Warner,* 45 *Cal.* 60; 36 *Cyc.* 1279, 1298, y 25 *R. C. L.* 1095-1108."

Meses después, el 6 de septiembre de 1922, la demandante insistió en su anterior petición alegando que en otro pleito seguido por Goffinet contra Polanco por vía de aseguramiento de la sentencia se había ordenado al márshal que no hiciera efectivo el fallo obtenido por Polanco contra Goffinet con cuyo importe debía satisfacerse la sentencia de N. Santini y Cía. y la corte, el 14 de noviembre de 1922, resolvió lo que sigue:

"Habiendo quedado obligada la parte demandante por la estipulación a esperar a que la sentencia en el caso de *Polanco* v. *Goffinet et al.* se ejecutara por el márshal para de ella hacerse entonces efectiva la sentencia en el presente pleito, bajo cuya base se dictó ésta, y no habiéndose demostrado que el estado de derecho creado por la sentencia hubiera cambiado, y por los fundamentos de la resolución de esta corte de 20 de enero de 1922, deniega la moción de la demandante para que se ordene la ejecución de la sentencia de 21 de noviembre de 1921; sin especial condena de costas."

Contra esta última resolución es que se ha interpuesto

este recurso. La primera, o sea la de 20 de enero de 1922, fué consentida y en la segunda como hemos visto sostiene la corte que no se ha demostrado "que el estado de derecho creado por la sentencia hubiera cambiado."

Examinada la transcripción se encuentra que no forma parte de ella la orden que se dice que fué librada en el caso de Goffinet contra Polanco, y siendo ello así, no estamos en condiciones de decidir si dicha orden fué o no suficiente para alterar el estado de derecho creado por la estipulación de las partes, la sentencia de noviembre 21, 1921 y la resolución de enero 20, 1922.

No se ha destruído la presunción de justa y correcta que tiene la orden apelada y el recurso, en tal virtud, debe ser declarado sin lugar.

*Confirmada la resolución apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.