## MARY LINDSEY CORREA *v.* WAIAKEA MILL COMPANY.

## No. 1873.

ARGUED APRIL 11, 1930.      DECIDED APRIL 19, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.
(Parsons, J., dissenting.)

This is a motion to tax costs. The items and amounts sought to be taxed are as follows: Transcript of testimony $89.55; making and certifying copy of record $27; premium on bond for filing writ of error $140; premium for renewal of said bond $23; premium on bond on motion for new trial $130. The cost of the transcript, the cost of the record and the premiums on bond for writ of error are, we think, beyond dispute and should be taxed against the plaintiff. The premium on the bond for a new trial is disputed. Section 2433, R. L. 1925, requires that on filing a motion for a new trial there shall also be filed "a bond conditioned for the payment of all costs of the motion in case it is not sustained and that the moving party will not to the detriment of the opposite party remove or otherwise dispose of any property he may have liable to execution." The filing of the motion within the prescribed time and the filing of the bond operate as a stay of execution until the motion is decided.

The motion for a new trial was filed within the prescribed time and there was also filed a written instrument denominated "Bond of Defendant on Motion for New Trial." The Waiakea Mill Company (the defendant) appears as principal and The Metropolitan Casualty Insurance Company of New York appears as surety. The obligation of the surety, for which the defendant expended the sum of $130, is as follows: "Now, if the said principal obligor shall pay all costs of the said motion for new trial

in case that it is not sustained, and if it will not, to the detriment of the obligee, remove or otherwise dispose of any property it may have liable to execution, then this obligation shall be of full force and effect, otherwise of no effect." It will be observed from the foregoing language of the bond that the obligation of the surety is just the opposite of the obligation required by the statute. In other words, the obligation of the surety is that it will be liable to the obligee provided the principal does not remove or otherwise dispose of any property it may have liable to execution, whereas the statute contemplates a bond upon which the surety is liable provided the principal does remove or otherwise dispose of any property it may have liable to execution to the detriment of the obligee.

Section 2542, R. L. 1925, which contains the schedule of costs for the circuit courts and the supreme court, provides as follows: "All actual disbursements sworn to by an attorney, and deemed reasonable by the taxing officer, may be allowed in taxation of costs." We think the disbursement under consideration was not reasonable and should not be allowed. It was made for the purpose of procuring a surety whose obligation under the bond was diametrically opposed to that required by the statute and was of no benefit or protection to the obligee (the plaintiff). We think the plaintiff is no more liable for this disbursement than if the defendant had paid the amount to the surety upon its promise to execute a proper bond but had later refused to do so.

The contention that the plaintiff, by not objecting to the bond prior to the hearing of the motion for a new trial, has waived her right to object to the reasonableness of the disbursement cannot be sustained. The motion for a new trial was filed on September 12, 1928. The bond was executed on September 10, 1928, and filed September 12. According to the affidavit of Carl S. Carlsmith, counsel for

the defendant, the premium was paid on September 10, 1928. The premium was therefore paid before the bond was filed. If it had not been paid until after the bond was filed and after the plaintiff had had an opportunity to inspect it there might be some force in the suggestion that the defendant, in the absence of objection, had a right to assume that the bond was satisfactory to the plaintiff and that the payment of the premium was justified. Under such circumstances there perhaps would be room for an estoppel on the ground that the plaintiff by her silence had induced the defendant to pay out money which it would otherwise not have paid. Under the facts before us, however, neither of the parties is in the position above suggested. The premium having been paid before the bond was filed and before the plaintiff had any opportunity to object to it, the defendant's position, so far as the premium was concerned, was not changed by the plaintiff's failure to object when the bond was filed. We therefore think she is not estopped from now claiming that the disbursement was unreasonable.

Of course the situation is very different from that which exists when a party against whom a judgment, on a motion for a new trial, is rendered seeks afterwards to assail the judgment on the ground that no sufficient bond as required by statute had been filed. In such a case the failure of the losing party to object to the bond before judgment estops him from afterwards assailing it on this ground. The estoppel in such a case is based on the very just and equitable and universally recognized rule that a party who fails to speak when he should have spoken and by his silence beguiles his adversary into a difficulty from which he cannot escape shall not thereafter be permitted to speak. But as we have already seen, the situation before us does not call for the application of this rule. The plaintiff has taken the first opportunity presented to her

to object to the disbursement in question as an item of costs against her.

Costs are taxed against the plaintiff in the sum of $279.55.

*C. S. Carlsmith* for plaintiff in error.

*D. E. Metzger* for defendant in error.

### DISSENTING OPINION OF PARSONS, J.

I respectfully dissent. The bond in the case at bar served a substantial purpose. It operated as a stay of execution. With it on file the motion could not have been dismissed on account of insufficiency of the bond except in conformity with the provisions of section 2538, R. L. 1925, which are as follows: "No motion for a new trial, bill of exceptions, appeal or writ of error shall be dismissed for any informality or insufficiency of any bond, unless upon neglect of the party filing such bond to comply with an order of a court or judge having jurisdiction directing an amendment of such bond to be made or a new bond to be filed within a specified time, not less than twenty-four hours." See *Wright* v. *Brown*, 11 Haw. 401; *Tomishima* v. *Hurley*, 24 Haw. 662, and *Kahepu* v. *King*, 25 Haw. 137, 139.

The provisions of the statute providing for a bond upon motion for a new trial and setting forth its condition are for the protection of the plaintiff and may be waived by the plaintiff. "Probably," said this court in *Territory* v. *Cotton Bros.*, 17 Haw. 374, 383, "no court would hold that the objection of the want of a bond would be good if made for the first time after decision of the motion for a new trial or appeal as the case might be." Later in the same case, in referring to *Coleman* v. *Coleman*, 5 Haw. 300, the court proceeded: "The *Coleman* case has been considered as establishing the proposition in this jurisdiction that defects of the kind now

in question may be waived by counsel and are waived * * * by failure to raise the question at all until after decision. * * * If there was a waiver in the present case it was by implication. What is sufficient to show such a waiver? A waiver partakes to some extent of the nature of an estoppel. It is sometimes called a quasi-estoppel. In general, unless it is express, it is shown either by such laches or by such inconsistent action as shows an intention not to rely upon the objection." In the instant case the plaintiff did not avail herself of her statutory right to obtain a court order for a new or amended bond but proceeded to a submission of the motion for a new trial on the bond filed. That fact, I believe, estops her now from objecting to the sufficiency of the bond in question, which has long since served its purpose, or from objecting to the taxing as costs the amount sworn to by attorneys for the defendant as their disbursement on account of premium for the execution of the same.

I believe the item above referred to should be allowed.